### MOSES v. MOSES et al.

(Supreme Court, Appellate Division, First Department.   December 3, 1915.)

1. PARTITION ⟨⟩59—DEFENSES—SUFFICIENCY.

An allegation in an answer in partition that the proceeds of mortgages on the land sought to be partitioned were received by a codefendant, and that no consideration for the mortgage passed to the answering defendant, which allegation was a repetition of an averment of the complaint, and was not intended as a counterclaim against the codefendant, was subject

---

to plaintiff's demurrer on the ground that it did not state a defense against the complaint.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 165; Dec. Dig. ☞59.]

2. PARTITION ☞59—COUNTERCLAIM—EQUITIES.

Such defense, though bad in form, presented matter which as between the codefendants was in the nature of a counterclaim, and was good as such, and the demurrer would be sustained as to the plaintiff alone.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 165; Dec. Dig. ☞59.]

3. SET-OFF AND COUNTERCLAIM ☞29—CLAIMS ARISING OUT OF SAME TRANS-ACTION.

In a suit for partition, an answer by one of the defendants alleging that a codefendant had collected the rents and profits from the property sought to be partitioned for a period of four years, and had failed to account to the answering defendant therefor, set up a proper counterclaim under Code Civ. Proc. § 501, providing that a counterclaim must tend to diminish or defeat plaintiff's recovery, and must arise out of the transaction set forth in the complaint or be connected with the subject of the action, since the matter alleged was proper for an adjustment of the respective rights of the parties in the property involved.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. ☞29.]

4. PARTITION ☞59—ANSWER—EFFECT OF JOINDER OF WIFE.

Where defendant in partition, who was a tenant in common of the land sought to be partitioned, filed an answer setting up matter proper for a determination of the respective rights of the common owners, the fact that his wife, who had a mere inchoate right of dower in his interest, was joined in the answer, did not render the answer demurrable in so far as he himself was concerned.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 165; Dec. Dig. ☞59.]

5. SET-OFF AND COUNTERCLAIM ☞29—CLAIMS NOT CONNECTED WITH SUBJECT OF ACTION.

In a suit for partition, an answer by one of the defendants, alleging that a codefendant received the rents, profits, and proceeds of land owned in common by such defendants, but not involved in the partition suit, did not set up a proper counterclaim, within Code Civ. Proc. § 501, providing that a counterclaim must tend to diminish or defeat plaintiff's recovery, and must arise out of the transaction set forth in the complaint, or be connected with the subject of the action.

[Ed. Note.—For other cases, see Set-Off and Counterclaim, Cent. Dig. §§ 49–51; Dec. Dig. ☞29.]

6. PARTITION ☞83—DEFENSES—EQUITIES.

A suit for a partition in a court having equitable powers may be brought to adjust all the equities existing between the parties and arising out of their relation to the property to be partitioned, although the assertion of such equities necessarily introduces a variety of issues and calls for various allegations in the respective complaints and answers, which would not be required in an ordinary suit for partition not complicated by special equities between the cotenants.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 228, 229; Dec. Dig. ☞83.]

Appeal from Special Term, New York County.

Action of partition by Fannie Moses against Moses H. Moses and Esther Moses, impleaded with others. From an order overruling a

demurrer to the first defense and the first, second, and third counterclaims contained in the amended answer of defendants, Moses H. Moses and Esther Moses, plaintiff appeals. Order modified and affirmed.

See, also, 154 N. Y. Supp. 555.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and DOWLING, JJ.

Johnston & Johnston, of New York City (Benjamin E. Messler, of New York City, of counsel), for appellant.

Myers & Goldsmith, of New York City (Harold H. Bowman, of New York City, of counsel, and William J. Bowman, of New York City, on the brief), for respondents.

CLARKE, J. This is an action to partition two pieces of real property, situated, No. 1 at 348 East Houston street, and No. 2 at 135 East Sixtieth street. The chain of title as set forth in the complaint begins with the will of Henry Moses, who died May 23, 1860, and whose will, executed June 18, 1858, was duly probated July 18, 1860. Henry Moses left him surviving his widow, Mary Moses, and his children, Moses H. Moses, Max Moses, and Celia Herrman, his only next of kin and heirs at law. By his will he gave to his widow, Mary Moses, the entire income of the estate, both real and personal, for the term of her life or so long as she should remain his widow, and upon her death he gave, devised, and bequeathed his entire estate, both real and personal, to his children, subject to a power of sale by the executrix. Said Mary Moses died intestate in 1909.

The plaintiff, Fannie Moses, is the widow of Max Moses, one of the sons of Henry, who died March 21, 1914, leaving a last will and testament, duly probated April 11, 1914. By this will Max Moses appointed her his executrix and devised and bequeathed to her all his estate, both real and personal. After setting forth the various rights of the defendants in said real estate, in which plaintiff claims to be seised of an undivided one-third interest the complaint further alleges that there are no general or specific liens or incumbrances against the premises, except a mortgage in the sum of $10,000, now reduced to $4,000, held by the Dry Dock Savings Institution on parcel No. 2, and a mortgage held by the German Savings Bank in the sum of $8,000, covering parcel No. 1; that the proceeds of said mortgage for $8,000, so held by the German Savings Bank, as between the parties to this action, should be an equitable charge against the shares and interests of the defendants Hannah J. Herrman, Minnie Cahn, and George W. Herrman, for the reason that no consideration for the said mortgage passed to Max Moses, plaintiff's testator, or to plaintiff, or to the defendant Moses H. Moses, but that the entire consideration therefor was paid over to and received by the said Celia Herrman, the testatrix of the said defendants Hannah J. Herrman, Minnie Cahn, and George W. Herrman, the amount realized by said mortgage being applied to the payment of a mortgage in the sum of $8,000 theretofore placed on said premises at the request of said Celia Herrman, the proceeds of which were paid to and received by her for her sole use and benefit.

[1] Moses H. Moses and his wife, Esther, whose sole interest is an inchoate right of dower, interposed a joint answer. The first alleged defense is as follows:

"That no consideration for the mortgage of $8,000 held by the German Savings Bank, and constituting a lien or incumbrance upon and against the premises described in the complaint as parcel No. 1, passed to Max Moses, plaintiff's testator, or to plaintiff, or to defendant Moses H. Moses; but that the entire consideration therefor was paid over to, and received by, Celia Herrman, and was applied to the payment of a previous mortgage in the sum aforesaid theretofore placed on said premises at the request of said Celia Herrman, the proceeds of which former mortgage were also paid to and received by her for her sole use and benefit. That said mortgage is, as between the parties to this action, an equitable charge against the shares and interests of the defendants Hannah J. Herrman, Minnie Cahn, and George W. Herrman in and to the premises described in the complaint as parcels Nos. 1 and 2."

To this alleged first defense the plaintiff demurred on the ground that the same is insufficient in law upon the face thereof.

The appellant claims that this alleged first defense is a mere repetition of the allegations of the twenty-sixth paragraph of the complaint in regard to this equitable lien, is pleaded not as a set-off, nor as a counterclaim, nor as a partial defense, but as a complete defense to the cause of action set forth in the complaint; that it is not a defense to plaintiff's cause of action. It is, if anything, a counterclaim or set-off against the defendants Hannah J. Herrman, Minnie Cahn, and George W. Herrman. Being, however, not pleaded as a counterclaim or set-off against these codefendants, but as a complete defense to plaintiff's cause of action, this defense wholly fails to constitute a defense to that cause of action, and is insufficient in law upon the face thereof. Pleaded as a complete defense, and being insufficient as a complete defense, it cannot be upheld as a partial defense, or as a set-off or counterclaim.

[2] It is clear that the facts set forth do not constitute a defense to the plaintiff's cause of action; but, in settling the equities between the parties growing out of the property to be partitioned, those facts present matter which, as between codefendants, is in the nature of a counterclaim or set-off. While the form of the pleading is bad, the alleged first defense should be upheld as a counterclaim, as it is that and nothing else.

[3, 4] For a first counterclaim said defendants allege that, from the death of Mary Moses, the life tenant of the real property described as parcel No. 1, on the 1st day of April, 1909, this defendant Moses H. Moses has been and now is seised and possessed in fee simple of an undivided one-third of said real property, and has been and now is entitled to a one-third part of the net rents, issues, and profits of said real property; that since the 22d of November, 1910, until the time of his death on March 21, 1914, Max Moses, the testator of the defendant Fannie Moses, as executrix, etc., acting as the agent for and on behalf of this defendant Moses H. Moses, collected the rents, issues, and profits of the said real property, amounting to about $1,800 per annum; that the said Max Moses has never accounted for said rents, issues, and profits to this defendant, or paid him any portion

thereof; that said Fannie Moses, as executrix of, the last will and testament of Max Moses, has never accounted to this defendant Moses H. Moses for any of the said rents, issues, and profits, or paid him any portion thereof, and this defendant Moses H. Moses has not received any portion thereof.

To this counterclaim the plaintiff demurred on the ground that the same is not of the character specified in section 501 of the Code of Civil Procedure, and also on the ground that as to the defendant Esther Moses the same does not state facts sufficient to constitute a cause of action in favor of said defendant.

. It should be pointed out that Moses and his wife joined in this answer; but, of course, so far as she is concerned, being only entitled to an inchoate right of dower, this counterclaim does not state facts sufficient to constitute a cause of action. As to Moses H. Moses, he was a tenant in common of the property and entitled to his *proportionate share* of the rents, issues, and profits thereof after the death of the life tenant, and there is every propriety in settling inter sese all the questions affecting the precise real estate which is the subject of the action. We think that as to him the demurrer was properly overruled.

[5, 6] The second counterclaim alleges that in the year 1899 Max Moses, as attorney and agent for this defendant Moses H. Moses and Celia Herrman, sold certain other lots of land on Decatur avenue, Brooklyn, for $9,500, which consideration was received by the said Max Moses; that at the time of said sale Moses H. Moses was a tenant in common, possessed in fee simple of an undivided one-third thereof; that the said Max Moses rendered an account of the moneys received by him from the sale of said property to this defendant Moses H. Moses, wherein and whereby it appeared that this defendant Moses H. Moses was entitled to the sum of $2,113.58 as his share of the net proceeds of said sale; that said Max Moses never paid any portion of said sum to this defendant; and that the defendant Fannie Moses, as executrix of the last will and testament of said Max, deceased, has never accounted to said defendant for any portion of said moneys, and he has never been paid or received any portion of said sum.

For a third counterclaim he alleges that Henry Moses died on or about the 23d of May, 1860, seised and possessed, among other real estate, of the real property known as 348 Houston street, 361–363 Houston street, and 138–140 Pitt street, Manhattan; that he left a will; that he left to his widow the entire income of his estate for the term of her life or widowhood, with the remainder to his children; that said Mary Moses never remarried, and departed this life in the year 1909; that the said Max Moses, since the year 1861 and until the time of his death on the 21st of March, 1914, collected the rents, issues, and profits of the said premises known as 348 Houston street, and also from the year 1861 down to the year 1905 collected the rents, issues, and profits of 361–363 Houston street and 138–140 Pitt street; that the aggregate rents amounted to about the sum of $7,500 annually; that said Max in his lifetime never accounted for or paid all of said rents, issues, and profits to the said life tenant, and that at the

time of the death of the said life tenant the said Max had a considerable portion of said rents, issues, and profits in his possession; that the said Mary Moses died in the year 1909 intestate, leaving as her only heirs and next of kin the said Max Moses and this defendant Moses H. Moses, her sons, and Minnie Cahn, George W. Herrman, Nathan Herrman, Moses Herrman, Hannah J. Herrman, and Henry M. Herrman, the children of her deceased daughter, Celia Herrman; that no administration has been had upon the estate of said Mary Moses, and that this defendant Moses H. Moses, as one of the next of kin, is entitled to one-third part of all the rents, issues, and profits of the real property in this section of the amended answer set forth, which has not been paid to the life tenant; that the said Max Moses never accounted to this defendant for any part of said rents, issues, and profits, and has paid no part of them to him, and that the said Fannie Moses, as executrix, etc., has never accounted for said rents, issues, and profits to this defendant Moses H. Moses, and has never paid any part thereof; that this defendant Moses H. Moses has never received any part of the rents, issues, and profits set forth in this section of the amended answer. To these alleged counterclaims the plaintiff demurs.

The appellant claims that each of the alleged second and third counterclaims is not of the character specified in section 501 of the Code; that the action is one for partition, and is brought by the plaintiff Fannie Moses, individually and in her own right, as owner in fee of an undivided one-third interest in the premises affected; that the counterclaims are not claims against Fannie Moses, individually, but are all claims solely against the estate of Max, of which estate said Fannie Moses happens to be executrix. As such executrix, and only as such, she is a formal defendant in this action. The counterclaims are all specifically alleged to be against the defendant Fannie Moses, as executrix of Max Moses, and the relief prayed for is specifically asked only against her as executrix of Max Moses.

It seems a novel proposition to interpolate into an action for the partition of a specific piece of property actions for accounting for entirely different transactions, to wit, the mortgaging of other property in Brooklyn and the rents and profits of other property in New York. It would seem to be the policy of the law to settle all issues in an equity action for partition *growing out of the property itself*. In Freeman on Cotenancy and Partition it is said (section 505):

"When a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all the equities existing between the parties and arising out of their relation to the property to be divided. 'He who seeks equity must do equity.' Hence whoever, by a suit for partition, invokes the jurisdiction of a court of equity in his behalf, thereby submits himself to the same jurisdiction, and concedes its authority to compel him to deal equitably with his cotenants. As the equities of the cotenants may arise from a great variety of circumstances, it follows that the assertion of these equities necessarily introduces into partition suits a great variety of issues, and calls for various allegations in the respective complaints and answers which would not be required in an ordinary suit for partition not complicated by any special equities between the cotenants."

But the matters set up in these counterclaims have nothing to do with the specific property at bar, and should not be interpolated in this action. The demurrer to these two counterclaims were improperly overruled.

It follows that the order appealed from should be modified, by sustaining the demurrers to all three counterclaims so far as Esther Moses is concerned, and the second and third as to Moses H. Moses, and as so modified, affirmed, without costs to any of the parties. Settle order on notice. All concur.