Irving H. Satpol, J.
The plaintiff and the individual defendants’ testamentary devisor Louis Frank, uncle and nephew, respectively, were tenants in common of the three parcels of real property in suit. In this action for partition the single issue is whether or not there was an agreement which operates to defeat the plaintiff’s right to relief.
The answer originally pleaded a general denial and an affirmative, rolled-up defense of estoppel based upon an alleged partnership coupled with an agreement which would prohibit partition. The plaintiff moved for judgment on the pleadings which was denied on the grounds that an agreement of partnership could be binding and also that ‘ ‘ whether or not restrictions were imposed upon the right to partition by implication ”, should be resolved at a trial. (N. Y. L. J., Feb. 5, 1957, p. 6, col. 6, affd. without opinion 3 A D 2d 909.)
The question of partnership having been eliminated at the trial by concession, the remaining question as stated is whether or not there was an agreement which impliedly restricted the plaintiff’s otherwise substantial right as a tenant in common to partition.
‘ ‘ It is a well-settled rule that at common law, as well as by statute, partition among tenants in common of real property is a matter of right, when they do not desire to hold and use the property in common. (Smith v. Smith, 10 Paige Ch. 470; Van Arsdale v. Drake, 2 Barb. 599; Willard v. Willard, 145 U. S. 116.) But it is an equally well-settled rule that ‘ equity will not award partition at the suit of one in violation of his own agreement, or in violation of a condition or restriction imposed upon *105 the estate by one through whom he claims.’ ” (Chew v. Sheldon, 214 N. Y. 344, 348-349.)
Restated then the question is whether or not the defendants have met the burden of establishing under their affirmative defense the affirmative of the proposition that partition here would be in violation of the plaintiff’s agreement.
The only evidence offered by the defendants is in two letter documents, one dated January 30, 1939, in the form of an acknowledged letter written by the plaintiff to the deceased, which deals exclusively with one of the parcels in suit, 1321 First Avenue or 342 East 71st Street. In its fourth paragraph he agrees that if at his (plaintiff’s) death “ the said piece so bought by us this day still is in our ownership ”, his co-owner and those taking under him should have an option to repurchase the plaintiff’s one-half share for his investment cost within two years. There is a further agreement restricting the plaintiff’s right to dispose of his “ one-half interest ” except to the deceased unless consented to in writing.
The second agreement is also in letter form, dated July 11, 1940. It relates primarily to another piece in contemplation for acquisition which they later bought but it is not involved. Preliminary recitals state the acquisition of the 71st Street parcel and reaffirm that agreement quoting in part the post mortem option to reacquire the plaintiff’s interest at his cost. The letter then expresses a new general agreement as to all present and future common properties of the parties, affording a similar option to reacquire the plaintiff’s share at his cost upon his death and for 30 months thereafter if still jointly owned. There is no restriction on sale by the plaintiff.
The defendants’ case may be stated that at the inception of the relationship between the plaintiff and the decedent when nominally they acquired their holdings in common ownership, the plaintiff was a physician retired from practice and the decedent was an experienced real estate operator. The plaintiff’s primary interest was income in his life. Therefore it is argued from the two documents in evidence it was the understanding of the parties that he should have no more than a life tenancy with one-half income in any properties jointly owned, coupled with the refund to his distributees at the option of Louis Frank or his distributees. In addition to the lack of evidence to support such a construction (which could have been plainly stated if that was the intention), the tenor of the letters rebuts such a notion. As to only one, the 71st Street parcel, was there any restriction on the sale of his share. That terminated on his co-owner’s death so that now, as to all the *106 parcels, there is no restraint by agreement to such disposition by him. There is nothing to prevent a sale by Louis Frank’s devisees of their share. The respective elective options in Louis Frank’s devisees to reacquire the plaintiff’s shares at his cost after his death are insufficient to support a construction of an agreement by him not to dispose of such interests during his lifetime.
The plaintiff may have interlocutory judgment decreeing partition and sale.
Settle judgment.