EDWARD M. RIPP, Appellant, *v.* JOSEPHINE RIPP, Respondent.

Second Department, December 13, 1971.

*Harrison Topkis* (*Samuel Millman* of counsel), for appellant.

*Hyman Finkelson* for respondent.

HOPKINS, J. The action is for a partition of the former marital home of the parties. The plaintiff and the defendant acquired the home as tenants by the entirety in 1950. In 1970 the defendant was granted a divorce.[1]

By the terms of the judgment dissolving the marriage the defendant was awarded the sole and exclusive possession of the marital home. Within four months after the judgment of divorce this action was commenced. The defendant interposed a defense that the action did not lie in the face of the provision in the judgment giving sole and exclusive possession of the premises to her. She then moved for summary judgment.

The Special Term granted the defendant's motion and dismissed the complaint. In the view of the Special Term, the action for partition was premature until the terms of the judgment of divorce were modified to remove the provision giving the defendant sole possession of the home and to provide for

---

1. The action for a divorce was originally brought by the plaintiff. At the trial the plaintiff withdrew his complaint and the defendant proceeded to prove her counterclaim for a divorce on the ground that the parties had lived apart for a period of two years after a judgment of separation.

increased support of the defendant by the plaintiff.[2]  We affirm the order of Special Term, with leave to the plaintiff to move for a modification of the judgment of divorce so as to grant to him the right of partition and thereafter to move to open this case and for permission to serve a supplemental complaint to allege such modification of judgment.

We come to this conclusion after a consideration of the traditional principles coalesced in partition and the purposes and policy to be served by the Domestic Relations Law.  Once the tenancy by the entirety is converted to a tenancy in common by the divorce of the parties (*Stelz* v. *Shreck,* 128 N. Y. 263), an action for partition usually may be brought by either party (*Yax* v. *Yax,* 240 N. Y. 590; *Plancher* v. *Plancher,* 35 A D 2d 417).  It is this doctrine upon which the plaintiff relies in this appeal.

Nonetheless, it is likewise true that the matrimonial relation between the parties at the time of the acquisition of the premises created the tenancy by the entirety — a special type of ownership which could not be severed by partition so long as the marriage existed (*Vollaro* v. *Vollaro,* 144 App. Div. 242).  At the point that the marriage was dissolved in this case the court granting the divorce directed that the sole and exclusive possession of the premises should be awarded to the defendant. This determination was made under the express authority of the statute to (1) "determine any question as to the title to property arising between the parties" and (2) "make such direction, between the parties, concerning the possession of property, as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law, § 234).  It is this exercise of power by the court in her behalf upon which the defendant relies to sustain the order of Special Term.

From a purely practical view, it is hardly conceivable that the court granting exclusive possession of the home to the defendant expected that its judgment would be effective only for the span of the four months preceding the commencement of this action, especially since that judgment was made "having regard to the circumstances of the case and of the respective parties," in the words of the statute.  In the interest of the orderly administration of justice, what one Judge in a matrimonial action decides should not be put aside abruptly by the

2. Though the judgment of divorce provided that the defendant should pay the carrying charges of the property, it also provided that the plaintiff should pay to the defendant for her support and the carrying charges a stipulated weekly amount.

order of another Judge in a second action between the same parties.

The plaintiff's argument to uphold his complaint necessarily rests on the assumption that partition is an absolute right of a tenant in common.[3] However, it first should be noted that in this case the tenancy in common was not the original relationship between the parties, but a spin-off of the tenancy by the entirety as a result of the severance of the marital ties. The creation of the tenancy in common was necessarily intertwined with the conditions laid down in the judgment effecting the divorce.

Moreover, it is not accurate to say that partition is an absolute right of a tenant in common (cf. 2 Tiffany, Law of Real Property [3d ed.], § 474). The statute confers on a tenant in common the right to maintain an action for partition (Real Property Actions and Proceedings Law, § 901), but the remedy has always been subject to the equities between the parties.[4] As was said in *Moses* v. *Moses* (170 App. Div. 211, 217–218), quoting approvingly from a then contemporary treatise: "In Freeman on Cotenancy and Partition it is said (§ 505): 'When a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all the equities existing between the parties and arising out of their relation to the property to be divided. "He who seeks equity must do equity." Hence, whoever, by a suit for partition, invokes the jurisdiction of a court of equity in his behalf, thereby submits himself to the same jurisdiction, and concedes its authority to compel him to deal equitably with his co-tenants. As the equities of the co-tenants may arise from a great variety of circumstances, it follows that the assertion of these equities necessarily introduces into partition suits a great variety of issues, and calls for various allegations in the respective complaints and answers which would not be required in an ordinary suit for partition not contemplated by any special equities between the co-tenants.' "

3. Ordinarily, partition is not defeated because the plaintiff is not in actual possession of the premises; constructive possession is sufficient (*Brown* v. *Crossman*, 206 N. Y. 471; 4A Powell, Real Property, § 603, p. 606).

4. Chancery had jurisdiction of an action for partition even without statute (*Croghan* v. *Livingston*, 17 N. Y. 218, 220). For a history of the law of New York concerning partition, see *Mead* v. *Mitchell* (5 Abb. Prac. 92, affd. 17 N. Y. 210); and 2 Gerard, New York Real Property (6th ed.), § 1434, pp. 2096–2098).

Both precedent (*Collin* v. *Seacombe,* 277 App. Div. 1141; *Grody* v. *Silverman,* 222 App. Div. 526), even in actions between divorced parties (*Sirianni* v. *Sirianni,* 14 A D 2d 432; *Hosford* v. *Hosford,* 273 App. Div. 659), and modern texts (see 4A Powell, Real Property, § 609, pp. 636-637; 2 American Law of Property, § 6.26, p. 117) have recognized that equitable considerations must be taken into account in partition.[5]  In the same vein, partition will not be compelled in violation of an agreement or a restriction imposed on the estate (cf. *Chew* v. *Sheldon,* 214 N. Y. 344, 348–349; *Nash* v. *Frank,* 9 Misc 2d 103, affd. 6 A D 2d 687, affd. 6 N Y 2d 827), albeit the agreement or restriction must be for a reasonable duration (*Albin* v. *Albin,* 26 Misc 2d 383, affd. 12 A D 2d 933; *Casolo* v. *Nardella,* 193 Misc. 378, affd. 275 App. Div. 502, mot. lv. to app. dsmd. 300 N. Y. 549).

Thus, in the present action for partition the court would have to consider the provision in the divorce decree granting sole possession of the premises to the defendant and the effect of partition on the circumstances of the parties.  In that appraisal the court would be confronted with the fact that the defendant's loss of possession would be coupled in all probability with the need for increased support as a result of conditions in the rental market.  The adjustment of these equities, on the other hand, could better be managed by the court in the Matrimonial Part, which so recently had been concerned with these very circumstances in molding the judgment of divorce.

In addition, we think that the Matrimonial Part, dealing solely with problems arising out of marital relations, should decide when and under what terms the marital home should be sold (cf. *Pearson* v. *Pearson,* 30 A D 2d 927).  The Matrimonial Part, in making that decision, should give weight to the relative financial resources of the parties, the need of either party for occupancy of the home, and the duration of the exclusive possession. For example, the court's decision might well be affected, among other things, by the cost of maintaining the home in comparison to the benefits received, the financial hardship suffered by either party by the refusal to authorize a sale of the property, the presence or absence of children to enjoy the use of the home, or the size and expansiveness of the home in relation to the expected use.  The Matrimonial Part in its discretion could determine, once a sale was found to be warranted, the manner of sale, or, if it were so disposed, could permit the institution

---

5. In other jurisdictions, see, e.g., *Hipp* v. *Hipp* (296 F. 2d 429); *Jezo* v. *Jezo* (23 Wis. 2d 399); *Wiegand* v. *Wiegand* (410 Ill. 533).

of a partition action, so that the supervision of the sale would be undertaken by that part of the court charged with the course of such proceedings.

In the usual case, the question of the sale of the marital home or other property of the spouses should be decided at the time of the making of the judgment. At that point in the marital career of the parties all questions at issue are better resolved, so that disputes and irritants do not linger and present further incentives for litigation. Of course, it also must be borne in mind that the right to possession of either party should not be too readily displaced. Only when the interests of one party (or the children of the marriage) are so predominant, when counterpoised against the interests of the other, that exclusive possession is virtually compulsory should the court act to continue the co-ownership. In most cases the parting of ways should be accompanied with clearly stated obligations for the future, put in monetary terms so far as possible.

The disposition at the Matrimonial Part of the marital home, whether in the judgment or as a result of an application for a modification of the judgment, is of course reviewable on appeal. In this case the plaintiff should move promptly to modify the judgment of divorce to permit the maintenance of the action for partition.[6] If the Matrimonial Part grants the application, the plaintiff should then move to open this case and for permission to supplement his complaint in this action to allege the modification of the judgment. In the event the plaintiff not move within a reasonable time to modify the judgment, this action of course is at an end.

Hence, two reasons underlie the affirmance of the order of Special Term. First, the concern for the proper and judicious enforcement of the directions in the judgment of divorce, and second, the recognition that equitable factors between the parties who are co-owners of property acquired originally as tenants by the entirety are better evaluated by the court which determined the matrimonial litigation between the parties.

Accordingly, we affirm the order of Special Term, without costs, and with leave to the plaintiff to move, within a reasonable time, for modification of the judgment of divorce so as to grant him the right to institute an action for partition and

---

6. We do not mean to say that the plaintiff may not choose to request the Matrimonial Part to direct a sale of the property, or that the Matrimonial Part may not decide to direct a sale, even though the plaintiff moves to be allowed to maintain a partition action. The course taken by the Matrimonial Part, as we have already indicated, lies within its discretion in the light of all the circumstances.

with further leave to the plaintiff, if such right be granted, to move at Special Term, within a reasonable time, to vacate the order and judgment under review and for permission to serve a supplemental complaint in this action.

RABIN, P. J., MUNDER, LATHAM and CHRIST, JJ., concur.

Order and judgment of the Supreme Court, Nassau County, entered September 30, 1970 and October 19, 1970, respectively, affirmed without costs, and with leave to plaintiff to move, within a reasonable time, for modification of the judgment of divorce so as to grant him the right to institute an action for partition and with further leave to the plaintiff, if such right be granted, to move at Special Term, within a reasonable time, to vacate the order and judgment under review and for permission to serve a supplemental complaint in this action.