■ RONALD R. COLES, Respondent, v BETTE COLES, Appellant.—In an action for the partition of real property, defendant appeals from an order of the Supreme Court, Suffolk County, entered October 22, 1976, which denied her motion for summary judgment. Order reversed, on the law and in the interest of justice, with $50 costs and disbursements, motion granted, and complaint dismissed. Plaintiff, the former husband of the defendant, brings this action for the partition of the former vacation home which had been acquired by them as tenants by the entirety. Pursuant to a stipulation entered on the record, and incorporated and merged into the judgment of divorce entered in the Supreme Court, New York County, on January 14, 1976, the defendant was to have possession of the subject property, with the right to lease it and to retain the rents. This action for partition was commenced by the husband four weeks later, viz., on February 10, 1976. On this record, the husband's application for partition should be addressed to the court which determined the matrimonial litigation between the parties and which is in the best position to evaluate the equitable factors between them (see *Ripp v Ripp,* 38 AD2d 65, affd 32 NY2d 755). Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ MAX DAVIS et al., Appellants-Respondents, v SHERWOOD VILLAGE COOPERATIVE "C", INC., Respondent-Appellant, and ROBERT GUIRDANELLA, Respondent.—In an action *inter alia* to declare that the defendant Sherwood Village Cooperative "C", Inc., waived a certain option to purchase plaintiffs' stock, (1) plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Westchester County, entered December 17, 1975, as denied their motion for partial summary judgment and granted the branch of defendants' cross motion which sought summary judgment dismissing the complaint as against defendant Guirdanella and (2) defendant Sherwood Village appeals from so much of the said order as denied the branch of defendants' cross motion which sought summary judgment dismissing the complaint as against it. Order affirmed, without costs or disbursements, on the memorandum decision of Mr. Justice Ruskin at Special Term. Hopkins, Acting P. J., Martuscello, Latham and Damiani, JJ., concur.

■ WAYNE ELEY, an Infant, by His Mother MARY J. ELEY, et al., Respondents, v BROOKLYN CUMBERLAND MEDICAL CENTER, Defendant, and ROBERT T. POTTER, Appellant.—In a medical malpractice action to recover damages for personal injuries, etc., predicated upon negligent care and failure to obtain informed consent, the defendant surgeon appeals from so much of a judgment of the Supreme Court, Kings County, entered February 19, 1976, upon a jury verdict, as is in favor of plaintiffs and against him on the second cause of action, which alleged a failure to obtain informed consent. Judgment affirmed insofar as appealed from, with costs. In our opinion, sufficient evidence was adduced at the trial to justify a determination by the jury that the defendant surgeon, before performing open heart surgery upon the infant plaintiff, failed to advise the parents about the dangers of postoperative embolism and brain, heart, or lung damage, and that, had they been informed of such risks, they would not have consented to the operation. Latham, Acting P. J., Margett, Titone and Mollen, JJ., concur.