■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. OSCAR POSADA-OSORIO, Appellant, v EDWARD R. HAMMOCK, as Chairman of State of New York Parole Authorities, Executive Department, Respondent. — In a habeas corpus proceeding, petitioner appeals (1) from a judgment of the Supreme Court, Queens County (Dubin, J.), dated July 21, 1981, which dismissed the writ and (2) as limited by petitioner's brief, from so much of an order of the same court dated October 7, 1981, as, upon granting petitioner's motion for reargument, adhered to its original determination. Appeal from the judgment dated July 21, 1981, dismissed, without costs or disbursements. The judgment was superseded by the order granting reargument. Order dated October 7, 1981, affirmed, insofar as appealed from, without costs or disbursements. (See *People ex rel. Julio v Walters,* 88 AD2d 259.) Damiani, J. P., Lazer and Rubin, JJ., concur.

Gibbons, J., concurs in the result on constraint of *People ex rel. Julio v Walters* (88 AD2d 259).

## (August 16, 1982)

■ JOYCE KANARR, Respondent-Appellant, v RAYMOND KANARR, Appellant-Respondent. — In a matrimonial action, the defendant husband appeals, as limited by his notice of appeal and brief, from so much of a judgment of divorce of the Supreme Court, Suffolk County (McInerney, J.), entered May 4, 1981, as granted the plaintiff wife exclusive possession of the marital premises, and plaintiff cross-appeals from so much of the judgment as awarded her only $25 per week support and maintenance and $2,000 counsel fees. Judgment modified, on the law and the facts, by deleting the second decretal paragraph, which awarded plaintiff exclusive possession of the marital premises, and substituting therefor a provision that the marital residence be sold as expeditiously as possible and that the proceeds therefrom be divided equally between the parties. As so modified, judgment affirmed insofar as appealed from, without costs or disbursements, and the case is remitted to Special Term for further proceedings consistent herewith. This determination is without prejudice to plaintiff making an application for upward modification of the award of support and maintenance, if she be so advised. Under the circumstances of this case, we find that the trial court abused its discretion in awarding plaintiff exclusive possession of the marital residence. The property should be sold and the proceeds divided equally. (See Domestic Relations Law, § 234; *Rattner v Rattner,* 64 AD2d 650; cf. *Kahn v Kahn,* 43 NY2d 203; *Ripp v Ripp,* 38 AD2d 65, affd 32 NY2d 755.) Damiani, J. P., Titone, Mangano and Brown, JJ., concur.