OPINION OF THE COURT
James D. Benson, J.
In these actions for equitable distribution divorce and for *910 partition of the marital residence, counsel submitted memoranda at the direction of the court on the question whether the real property belonging to the parties may be the subject matter of an action for partition and an item to be distributed equitably under Domestic Relations Law § 236 (B).
It appears at the threshold that the parties hold the marital residence as joint tenants. The plaintiff conveyed his title to himself and Kimberly Mulaney Novak, "as husband and wife” about 10 days before they were married. The deed has not been shown to the court and it does not appear from anything of record whether the deed contained any other language which might restrict or control the application of EPTL 6-2.2 (c) to make the tenancy other than a joint tenancy. For the purposes of this determination, it is assumed that the conveyance created a joint tenancy.
The subject property is not held in a tenancy by the entirety. If it were it would not be made the subject of partition. (Anello v Anello, 22 AD2d 694; Ryan v Fitzsimmons, 57 AD2d 922.) The marriage of the parties did not convert the joint tenancy into a tenancy by the entirety, which could be created only by a conveyance to a husband and wife. (EPTL 6-2.1 [4]; 6-2.2 [b]; Hiles v Fisher, 144 NY 306 [1895].)
The defendant urges the view that the joint tenancy created an undivided one-half interest in each party, and that such interests are not subject to equitable distribution. Such is not the law. Joint tenancy does not create equality of interests, but rather, the right of survivorship. During the lifetimes of the joint tenants, their interests are partitionable, on the basis of their separate contributions to acquisition and improvement. (Gasko v Del Ventura, 96 AD2d 896; Ripp v Ripp, 38 AD2d 65.)
The remedy of partition is subject to the equities between the parties. (Ripp v Ripp, supra, and the authorities therein cited.) The question then emerges naturally whether the equities to be considered are the equities which are the criteria of equitable distribution.
Long before the adoption of the Equitable Distribution Law, Domestic Relations Law § 236 (B), the Legislature enacted Domestic Relations Law § 234. That statute enabled a court in a matrimonial action to determine any question of title arising between the parties and to direct possession of the property in accordance with the circumstances and the parties. *911 Section 234 was not repealed, but continued upon the passage of section 236 (B). The continued separate existence of these two statutory provisions leads this court to the conclusion that they are intended to provide separate remedies. This is so, notwithstanding the fact that section 234 is not limited by its terms to real property, but applies simply to "property”.
The facts of this case differ from those in Ripp v Ripp (supra). There, a tenancy by the entirety had been converted into a tenancy in common by a divorce. The action for partition dealt with the newly created tenancy in common. In this action, we deal with a joint tenancy created by the application of the statute to the act of the parties. It is noted that Ripp was decided in December 1971, and that Domestic Relations Law § 236 (B) became effective on July 19, 1980.
The premises are exempt from equitable distribution because they were acquired prior to the marriage. (Domestic Relations Law § 236 [B] [1] [c], [d] [1]; [5] [b].) The husband acquired his interest by purchase about 2Vi months before the marriage and the wife acquired hers by gift from the husband 10 days before the marriage. Substantial improvements have been made. The equities of the parties have changed with the contributions which each made to the improvements.
The question of passive appreciation is one of doubtful relevance, since the parties cohabited for only about 2 Vi months.
It is the conclusion of this court that the plaintiff in the action for partition may maintain that action. That is not to say that the result will be different from equitable distribution under Domestic Relations Law § 236 (B). It is not necessary to consider whether the consideration of the factors enumerated in Domestic Relations Law § 236 (B) (5) (c) would lead to the same distribution of this parcel of real property as the consideration of the equities between the parties in partition. The court quoted a treatise in Ripp v Ripp (supra, at 68), for the proposition that, " ' "[w]hen a suit for partition is in a court of equity, or in a court authorized to proceed with powers as ample as those exercised by courts of equity, it may be employed to adjust all the equities existing between the parties and arising out of their relation to the property to be divided” ’.” The lands which are the subject of this partition action are proper matter for partition under RPAPL 901, but *912 not for equitable distribution under Domestic Relations Law § 236 (B) because they are separate property. If the Legislature had intended a different result, it would have created it by suitable amendment to EPTL 6-2.2 to apply to conveyances in contemplation of marriage. The court is not entitled to supply such an enlargement of the statute.