■ EVELYN E. THURMOND, Respondent, v JAMES THURMOND, Appellant. (Action No. 1.) JAMES THURMOND, Respondent-Appellant, v EVELYN E. THURMOND, Appellant-Respondent, et al., Defendants. (Action No. 2.)—In an action for a divorce and ancillary relief in which the parties were divorced by judgment dated May 26, 1969 (action No. 1), and an action for the partition of real property (action No. 2), (1) the husband appeals from an order of the Supreme Court, Suffolk County (Yachnin, J.), entered September 29, 1986, which denied his motion to modify the judgment of divorce dated May 26, 1969, (2) the wife appeals from so much of an order of the Supreme Court, Suffolk County (Hurley, J.), dated December 3, 1987, as dismissed so much of her counterclaim in the partition action which was for child support arrears which accrued more than six years before the date the counterclaim was served, and (3) the husband cross-appeals from so much of the same order as granted the wife's motion for summary judgment and dismissed his complaint in the partition action.

Ordered that the order entered September 29, 1986, is reversed, on the law, without costs or disbursements, and the matter remitted to the Supreme Court, Suffolk County, for further proceedings consistent herewith; and it is further,

Ordered that the order dated December 3, 1987 is modified, by (1) deleting the provision thereof which held that the wife's counterclaim for arrears of child support was interposed when it was served and any arrears accruing more than six years before that date are time barred, and substituting therefor a provision deeming the counterclaim interposed on the date the

summons in action No. 2 was served, and holding that arrears accruing more than six years before that date are time barred, and (2) adding a provision thereto that the dismissal of the partition action is without prejudice to the commencement of a new partition action in the event the judgment of divorce is modified to terminate the wife's exclusive possession of the former marital residence; as so modified, the order is affirmed, without costs or disbursements.

The parties were divorced in May 1969. Under the terms of the divorce judgment, the wife was awarded custody of the children of the marriage who were then minors. She was also awarded "sole possession of the premises at 44 Benjoe Drive, Amityville, New York." The husband was ordered to pay to her child support in the sum of $40 per week commencing April 18, 1969.

In 1986, the husband moved to modify the divorce judgment to terminate the wife's right to exclusive possession of the premises at 44 Benjoe Drive and for the appointment of a Referee to supervise the appraisal and sale of the premises. In his affidavit in support of his motion, the husband averred that the children have reached their majority, the youngest being 27 years old.

The wife opposed the motion, asserting that her former husband was not entitled to an equal division of the proceeds from sale of the house in that she had made all the mortgage payments since the divorce and that she had received no child support payments from the husband pursuant to the divorce judgment.

The court, by order entered September 29, 1986, denied the husband's motion, holding:

"he [husband] is guilty of laches in commencing these proceedings as seventeen years have elapsed since the entry of the divorce decree and over nine years have elapsed since the youngest child reached his majority.

"Accordingly, the motion is denied without prejudice to the defendant commencing a plenary action for partition if he is so inclined".

Thereafter the husband brought an action for partition. The wife opposed the granting of the relief requested and counter-claimed for arrears of child support. She then moved for summary judgment dismissing the complaint, citing the husband's failure to seek modification of the provision of the divorce judgment which awarded sole and exclusive possession of the premises to her. The husband opposed the motion and

cross-moved for a dismissal of the counterclaim for child support arrears on the ground of the six-year Statute of Limitations.

The court granted the wife's motion and dismissed the partition action. It held that the husband did not have standing pursuant to RPAPL 901 to maintain a partition action since, by virtue of the divorce judgment, the wife had exclusive possession of the premises. With respect to the cross motion, the court held that the six-year Statute of Limitations applied and dismissed the counterclaim insofar as it claimed arrears due more then six years before the date of service of the counterclaim.

The court erred in denying the motion for modification of the divorce judgment on the ground of laches and further erred in suggesting that a plenary action for partition could be brought by the husband before the wife's right to sole and exclusive possession under the divorce judgment had been terminated. "Laches is not mere delay that works disadvantage or injury; such a defense is deficient if it fails to include allegations showing not only a delay, but also injury, change of position, intervention of equities, loss of evidence, or other disadvantage resulting from such delay" *(Glenesk v Guidance Realty Corp.,* 36 AD2d 852, 853; *see also, Airco Alloys Div. v Niagara Mohawk Power Corp.,* 76 AD2d 68, 82; *Brown v Lockwood,* 76 AD2d 721, 729). Significantly, the defense of laches was not raised by the wife in her papers filed in opposition to the motion, and there was no basis in the record upon which the court could have found injury, change of position, intervention of equities, loss of evidence or other disadvantage resulting from the delay in moving to terminate the wife's sole and exclusive possession.

Moreover, it was improvident to deny the motion for modification of the divorce judgment on this ground because the divorce judgment was silent as to the future of title to and possession of the marital premises *(see, Ripp v Ripp,* 38 AD2d 65, 71). The court, upon such a motion for modification, has wide powers under Domestic Relations Law § 234 to affect title and possession of the premises "as in the court's discretion justice requires having regard to the circumstances of the case and of the respective parties". Thus, modification of the divorce judgment with a view to allowing or disallowing partition of the property and upon what terms, is addressed to the divorce court's sound discretion *(see, Ripp v Ripp, supra).*

An agreement or judgment which awards a tenant in common an unlimited and unqualified right to the exclusive

occupancy and possession of real property effectively precludes an action for partition by the nonpossessing cotenant (RPAPL 901 [1]; *Surlak v Fulfree,* 145 AD2d 79; *Ripp v Ripp, supra).* The court, therefore, properly granted the wife's motion for summary judgment in the partition action, even though the prior order entered September 29, 1986, seemed to indicate that the husband was free to maintain such an action. However, the husband may commence a new partition action in the event the divorce judgment is modified terminating the wife's sole and exclusive possession.

With respect to the wife's counterclaim for arrears in child support payments, the court was correct to apply the six-year Statute of Limitations. The 20-year Statute of Limitations set forth in CPLR 211 (e), effective August 17, 1987, only applies to orders or judgments entered subsequent to the date upon which that provision went into effect *(see, Matter of Neeley v Cuccia,* 143 AD2d 671, 672). Thus, six-year Statute of Limitations is applicable here *(see, Tauber v Lebow,* 65 NY2d 596).

However, the court erred in reckoning the date when the claim for arrears was interposed as the date upon which the counterclaim was served. Under CPLR 203 (c), the claim for arrears was interposed when the husband's summons was served in action No. 2. Mangano, J. P., Thompson, Spatt and Rosenblatt, JJ., concur.