■ CHRISTINE AYERS, Respondent, v CLEO AYERS, Appellant. [711 NYS2d 426] —Order, Supreme Court, Bronx County (Bertram Katz, J.), entered February 18, 1999, which, *inter alia*, disaffirmed the report of the Judicial Hearing Officer and ordered a partition and sale of the premises in question, unanimously reversed, on the law, with costs, and the complaint dismissed. The Clerk is directed to enter judgment in favor of defendant dismissing the complaint.

Defendant Cleo Ayers is the former wife of decedent, James Ayers. Their marriage was terminated by a judgment of divorce dated August 16, 1973, which granted Cleo Ayers exclusive possession of the marital home until further court order. The judgment also required James Ayers to pay maintenance, child support for their two children, and all expenses associated

with the premises, i.e., mortgage payments, taxes, insurance, and repairs. It is uncontroverted that, after the divorce, James Ayers left for Virginia and failed to pay maintenance, child support, or expenses relating to the home. He subsequently married the plaintiff in this action. On October 6, 1988, James Ayers passed away, leaving all of his property to plaintiff.

Plaintiff claims that, under the terms of James Ayers' will, she is entitled to his interest in the marital home he shared with Cleo Ayers. Hence, plaintiff commenced this action seeking to partition those premises. Supreme Court held that plaintiff was entitled to the requested relief. This was error.

It is well-established that a divorce judgment awarding a "tenant in common an unlimited and unqualified right to the exclusive occupancy and possession of real property effectively precludes an action for partition by the nonpossessing cotenant [citations omitted]" (*Thurmond v Thurmond*, 155 AD2d 527, 529-530; *see*, *Ripp v Ripp*, 38 AD2d 65, *affd* 32 NY2d 755). Thus, before a partition action may be commenced, it is required that the divorce court exercise its sound discretion, " 'as * * * justice requires having regard to the circumstances of the case and of the respective parties,' " with a view toward allowing or disallowing partition of the property (*Thurmond v Thurmond, supra*, at 529, quoting Domestic Relations Law § 234). Here, as the divorce judgment awarding Cleo Ayers exclusive possession of the property was never modified, dismissal of the partition action was required.

In any event, even if partition was appropriate, the court should have first ordered that an accounting be held. In this regard, assuming that James Ayers was entitled to a 50% interest in the premises, the expenditures that Cleo Ayers incurred during the lengthy period since the date of the divorce judgment (which expenses should have been paid by James Ayers) may very well exceed 50% of the value of the marital home, thus rendering a partition action academic. We note that, contrary to plaintiff's claim, consideration of these expenditures for purposes of an offset is not barred by the Statute of Limitations (*see*, *Goergen v Maar*, 2 AD2d 276; *see also*, *Freigang v Friegang*, 256 AD2d 539).

In view of our dismissal of the action, we do not reach the parties' remaining contentions. Concur—Rosenberger, J. P., Williams, Andrias, Buckley and Friedman, JJ.