■ STELLA VEST, Respondent, v JOHN VEST, Appellant. [855 NYS2d 597]—

In a matrimonial action in which the parties were divorced by judgment entered February 23, 2001, the defendant appeals (1) from an order of the Supreme Court, Orange County (McGuirk, J.), dated February 5, 2007, which denied his motion for recusal, (2), as limited by his brief, from so much of an order of the same court, also dated February 5, 2007, as granted that branch of the plaintiff's motion which was to modify the judgment of divorce by requiring him to pay to the plaintiff 25% of the appraised fair market value of certain property if it is not sold by a certain date, and (3), as limited by his brief, from so much of an order of the same court, also dated February 5, 2007, as, upon the order granting that branch of the plaintiff's motion which was to modify the judgment of divorce, directed him to cooperate in the appraisal of certain property.

Ordered that on the Court's own motion, the defendant's notice of appeal from the third order dated February 5, 2007 is treated as an application for leave to appeal from that order, and leave to appeal is granted (see CPLR 5701 [c]); and it is further,

Ordered that the first order dated February 5, 2007 is affirmed; and it is further,

Ordered that the second and third orders, also dated February 5, 2007, are affirmed insofar as appealed from; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The record does not support a finding that any of the statutory disqualifications set forth in Judiciary Law § 14 are applicable (see *Matter of New York State Assn. of Criminal Defense Lawyers v Kaye,* 95 NY2d 556, 561 [2000]). Absent a legal disqualification under Judiciary Law § 14, a court is the sole arbiter of its recusal (see *Schreiber-Cross v State of New York,* 31 AD3d 425 [2006]). Since the defendant failed to provide proof of any of the statutory disqualifications under Judiciary Law § 14, and did not prove any bias or prejudice by Justice McGuirk, the Supreme Court providently exercised its discretion in denying the defendant's motion for recusal (*Schreiber-Cross v State of New York,* 31 AD3d 425 [2006]).

Where a stipulation is not expressly made to survive the final judgment of divorce, it merges with the judgment and retains no contractual significance (see *Minarovich v Sobala,* 121 AD2d 701 [1986]). Here, the oral stipulation and the judgment of divorce were silent as to whether the stipulation was to be incorporated or merged into the parties' judgment of divorce; thus, it was merged into the judgment (see *Steinard v Steinard,* 221 AD2d 835, 836 [1995]). Consequently, the Supreme Court had the authority to modify the judgment as in its "discretion justice requires having regard to the circumstances of the case and of the respective parties" (Domestic Relations Law § 234; *Thurmond v Thurmond,* 155 AD2d 527, 529 [1989]).

The judgment of divorce, entered in 2001, provided that a commercial property owned by the parties along with a third party would be placed on the market immediately in light of the defendant's representations that the third party consented to the sale. The plaintiff was to receive 25% of the net proceeds from the sale. When, after a period of five years, the property still had not been sold, the plaintiff moved, inter alia, to modify the judgment of divorce to provide that, if the property was not sold, the defendant would be required to pay her 25% of its appraised fair market value.

Under the circumstances, the Supreme Court providently exercised its discretion in modifying the judgment of divorce and directing the defendant to cooperate with an appraisal (see *Altmann v Finger,* 23 AD3d 591, 592 [2005]; *Martinucci v Martinucci,* 288 AD2d 444, 445 [2001]; *Thurmond v Thurmond,* 155 AD2d at 529; *Girardi v Girardi,* 140 AD2d 486, 487 [1988]; *Ripp v Ripp,* 38 AD2d 65, 70 [1971]). Rivera, J.P., Santucci, Dickerson and Belen, JJ., concur.