OPINION OF THE COURT
Anthony J. Falanga, J.
Plaintiff wife (hereinafter referred to as the wife) moves for an order, pursuant to CPLR 3211 (a) (7), dismissing the counterclaims of the defendant husband (hereinafter referred to as the husband) that seek partition and recoupment on the ground that they fail to state a cause of action, and for an order directing the husband to pay the wife’s counsel fees on the motion. The husband opposes the motion and cross-moves for an order directing the wife to pay the husband’s counsel fees in the sum of $1,500, pursuant to 22 NYCRR 130-1.1, as a result of the wife’s frivolous conduct.
The parties were married on December 29, 1991. The wife is 53 and the husband is 54 years of age. The parties have one child, J.H., born October 1, 1996 (age 14). The parties and their son reside together at XXX Asean Road, Franklin Square, New York. Said residence was purchased for $178,000 on November 13, 1991, more than 30 days prior to the parties’ marriage. Title is in the names of the husband and wife, as joint tenants with rights of survivorship. There appear to be no mortgages on the residence and the real estate taxes and homeowner’s insurance cost approximately $800 per month.
In support of the motion, counsel for the wife alleges as follows: that this action for divorce was commenced with the filing of a summons with notice, on September 27, 2010; that, after counsel for the husband filed a notice of appearance, a verified complaint was served, on or about February 9, 2011, seeking a judgment of divorce on the ground of abandonment (Domestic Relations Law § 170 [2]); that a verified answer was received from the husband’s counsel on or about April 14, 2011 containing counterclaims for partition and recoupment with respect to the parties’ residence, located at XXX Asean Road, Franklin Square, New York; that counsel for the wife telephoned and wrote the husband’s attorney advising that the counterclaims were factually incorrect and asking that they be withdrawn; it was the wife’s position that, because disposition of the marital residence was an issue to be decided in the matrimonial action as part of equitable distribution, actions for partition and recoupment were improper as they sought to divest the court of *932 its right to determine equitable distribution of the assets and obligations of the parties and exclusive occupancy of said residence; that any sums expended during the marriage for the marital residence were for marital debts, paid for with marital assets, for which recoupment would be inappropriate; counsel for the wife argues that this matrimonial action is regulated by Domestic Relations Law § 236 (B) (5), and not Real Property Actions and Proceedings Law § 901 which permits partition, and that partition and recoupment are not cognizable legal theories in the context of a division of property between divorcing parties; that the residence was purchased and used as the marital residence for almost 20 years, paid for with marital assets and remains the home of the parties and their son, who has lived there since his birth; that with respect to recoupment, the husband seeks the return of funds allegedly spent for the upkeep of the marital residence since 1998, when he claims the wife stopped paying her share of carrying charges; counsel for the wife asserts that delving into the parties’ finances for 13 years of their marriage and “second guessing” every debit and credit incurred is frowned upon by the Court of Appeals, citing Mahoney-Buntzman v Buntzman (12 NY3d 415, 421 [2009]), which directed:
“The parties’ choice of how to spend funds during the course of the marriage should ordinarily be respected. Courts should not second-guess the economic decisions made during the course of a marriage, but rather should equitably distribute the assets and obligations remaining once the relationship is at an end”;
that the counterclaims seek to avoid the principles of the Equitable Distribution Law that take into account the direct and indirect contributions of the parties to the marriage as spouse, parent, wage earner and homemaker; that an award of counsel fees is requested for the necessity of bringing the instant motion after counsel for the husband refused to withdraw the baseless counterclaims.
In opposition to the motion, counsel for the husband alleges as follows: that, because the parties were not married at the time they took ownership and possession of the residence, and because the wife refused, without cause, to contribute to the carrying charges at the residence since 1998 and the husband had to expend funds on behalf of the wife in the sum of $100,000, the counterclaims for partition and recoupment state legally cognizable causes of action; that on a CPLR 3211 motion *933 to dismiss, the pleadings must be liberally construed (CPLR 3026), giving the proponent every favorable inference, and the court determines only whether the facts as alleged fit into any cognizable legal theory; that the existence of a matrimonial action does not bar the husband from commencing an action for partition and recoupment; that counsel fees should be awarded to the husband because the wife’s motion to dismiss and her request for counsel fees is without any basis whatsoever and is frivolous; that $1,500 should be awarded to the husband and the wife’s motion should be denied.
The Law and Analysis
It is well settled that
“[i]n considering a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), the allegations in the complaint should be accepted as true, and the motion should be granted only if the facts as alleged do not fit within any cognizable legal theory {see Leon v Martinez, 84 NY2d 83, 87-88 [1994]).” {Peterec-Tolino v Harap, 68 AD3d 1083, 1084 [2d Dept 2009].)
On a CPLR 3211 (a) (7) motion, the court must accept the plaintiffs factual allegations as true and liberally construe the complaint in favor of the plaintiff {EECP Ctrs. of Am. v Vasomedical, Inc., 265 AD2d 372 [2d Dept 1999]; Smukler v 12 Lofts Realty, 156 AD2d 161 [1st Dept 1989]; Foley v D'Agostino, 21 AD2d 60 [1st Dept 1964]). On said motions, the court looks to the substance of the motion rather than to the form. Such a motion is solely directed to the inquiry of whether or not the pleading considered as a whole fails to state a cause of action or whether any cause of action can be spelled out from the four corners of the pleadings. {Foley v D’Agostino, supra; Guggenheimer v Ginzburg, 43 NY2d 268 [1977].)
On the instant motion, the issue presented is whether the husband is barred from bringing counterclaims for partition and recoupment when a matrimonial action has been commenced, in which equitable distribution of the marital residence is being sought as well as possible exclusive occupancy óf same and a division of all other assets and obligations of the parties. In the case at bar, the parties acquired title to the property before they were married, as joint tenants with rights of survivorship, and their marriage did not transform the joint tenancy into one by the entirety, which could be created only by a conveyance to a husband and a wife (EPTL 6-2.1 [4]; 6-2.2 [b]; *934 Lampasona v Lampasona, 146 Misc 2d 739 [Sup Ct, Dutchess County 1990]; see also Novak v Novak, 135 Misc 2d 909 [Sup Ct, Dutchess County 1987]). As such, the marital residence was not “marital property” subject to equitable distribution (Domestic Relations Law § 236 [B]), as the residence constituted separate property of each of the parties acquired prior to the marriage (Domestic Relations Law § 236 [B] [1] [c], [d]; [5] [b]; Novak v Novak, supra). In Novak, the court was faced with the same issue presented herein. The Novaks acquired a home as joint tenants 10 days before their marriage but they cohabited for only 2V2 months before the action for divorce was commenced. The court rejected the wife’s argument that the joint tenancy created an undivided one-half interest in each party and that said interests were not subject to equitable distribution. Instead, the court found that the property was not subject to equitable distribution because it was acquired prior to the marriage and because there could be little or no passive appreciation due to the briefness of the marriage. The Novak court allowed a claim for partition to stand because substantial improvements had been made to the residence and the equities of the parties had changed with the contributions that each had made to the improvements. The Novak court found that, within the partition action, it was authorized to adjust all the equities arising out of the parties’ relationship with respect to the property to be divided and, importantly, found that partition gave the court more flexibility to do equity than Domestic Relations Law § 236 (B), given the unique circumstances of that case.
In contrast, in the case at bar, the parties have been married and have resided in the subject residence for nearly 20 years and have raised their son there since he was born. Case law interpretation of Domestic Relations Law § 236 (B) has evolved since Novak to take into account the appreciation of separate property from the active contributions of the parties to the marriage, as spouse, parent, wage earner or homemaker. Indeed, the statute defines “separate property,” in part, as “property acquired in exchange for or the increase in value of separate property, except to the extent that such appreciation is due in part to the contributions or efforts of the other spouse” (Domestic Relations Law § 236 [B] [1] [d] [emphasis supplied]). In Fields v Fields (15 NY3d 158 [2010]), the Court of Appeals, recognizing the length of the marriage and the economic and noneconomic contributions of the wife to the marriage and her equal parenting responsibilities to the parties’ son, categorized the marital *935 residence as “marital,” even though the husband used separate property for the down payment and owned and managed the building with his mother. Herein, the court will not characterize the residence as “marital” for, unlike in Fields, it was not purchased during the marriage; however, like Fields, it will at trial, in directing distribution of the assets and obligations, recognize marriage as an economic partnership and will view the contributions of each party as spouse, parent, wage earner and homemaker. (See Fields v Fields, supra.)
Giving all consideration to the proponent of the counterclaims and viewing the counterclaims in the most favorable light, it is this court’s view that, in a matrimonial action, Domestic Relations Law § 234 gives to the court broad authority to determine issues that arise between the parties with respect to title and possession of property and, when read in conjunction with Domestic Relations Law § 236 (B), which authorizes the court to distribute marital and separate property and to adjust debits and credits between the parties as equity would find just and proper given the circumstances of the case, each of the parties have sufficient remedies in the instant matrimonial action so that references to separate causes of action for partition and recoupment are duplicative and unwarranted. Neither party will receive any lesser or greater relief from a separate cause of action for partition or recoupment, when all of the relief that may be had in said actions is within the power of the court in the existing statutory scheme (cf. Xiao Yang Chen v Fischer, 6 NY3d 94 [2005]; Boronow v Boronow, 71 NY2d 284 [1988]). The matrimonial forum is a convenient forum for transactions between these parties relating to premarital and postmarital property claims and form a convenient trial unit for the purposes of this litigation. (See Xiao Yang Chen v Fischer, supra.) The court is unconvinced that the husband can obtain any relief in a partition or recoupment action that is different from what this court does in every case involving the equitable disposition and possession of property, some of which may be separate, and the distribution of assets and debts. It is the court’s view that dismissal of the counterclaims is warranted, pursuant to CPLR 3211 (a) (4), because there is already an action pending between the parties that seeks, in essence, the same relief.
Accordingly, the court finds, as a matter of law, that the partition and recoupment action are unwarranted and that the rights and remedies of the parties can be decided and granted in the above captioned matrimonial action. (Cf. Boronow v Boronow, *936 supra.) If it is the husband’s belief that, as a joint tenant, he would be entitled to greater equity in the residence because he paid for more of the carrying charges on the home, said contribution argument will be taken into consideration when determining the parties’ equitable shares of the increased value of their separate property, if any, and whether same is to be distributed herein. As partition is an equitable remedy, a 50/50 split of the equity in the residence is not mandated, for the court may partition the property unevenly, in accordance with the contributions of the parties {see Novak v Novak, supra). That is the same exact remedy that is available in the matrimonial action and the court finds that the issues raised in the counterclaims are subsumed into the matrimonial action where the court is given statutory powers to do equity.
The court finds the previous lower court cases holding to the contrary to be unpersuasive under the facts of this case. It is this court’s view that, even when a property is acquired prior to the marriage and title is in both names of the parties, the matrimonial court has jurisdiction and authority to prevent unjust enrichment to either party {see Koehler v Koehler, 285 AD2d 582 [2d Dept 2001]). Based on the foregoing, it is hereby ordered, that the wife’s motion for an order dismissing the husband’s counterclaims for partition and recoupment is granted and the counterclaims are hereby dismissed; and it is further ordered, that the wife’s request for counsel fees and the husband’s cross motion for counsel fees and sanctions are denied. All further requested relief not specifically granted is denied.