■ ROSE ALBIN, Respondent, v. MICHAEL B. ALBIN, Appellant.— In an action for the partition of real property between parties formerly wife and husband, the defendant husband appeals from an order of the Supreme Court, Kings County, dated October 28, 1960, which denied his motion for summary judgment, granted summary judgment to the plaintiff wife and directed a reference to ascertain the respective rights of the parties in the property. Order affirmed, with $10 costs and disbursements. No opinion. Beldock, Acting P. J., Ughetta, Kleinfeld and Pette, JJ., concur; Brennan, J., concurs in the affirmance of the order insofar as it denied the husband's motion for summary judgment; but dissents from the affirmance of the order insofar as it granted summary judgment to the wife, and votes to modify the order by striking out its provisions granting summary judgment to the plaintiff wife and directing a reference, with the following memorandum: Both parties to this appeal correctly concede that an agreement not to partition (real property), containing a limitation of time or an express contingency which might terminate the agreement, is valid and binding and constitutes a good defense to an action for partition. In the action at bar, the parties (formerly wife and husband) entered into an agreement wherein it was expressly agreed: (1) that the defendant husband should have the right to continue his occupancy of his medical office in the subject property after its ownership had changed from a tenancy by the entirety to a tenancy in common; and (2) that the defendant husband would not be obligated to consent to and join in any sale of the said property unless and until he should decide to vacate his office therein. It is my view that implicit in this agreement was the promise by the plaintiff wife that no sale of the property could be effected or compelled until the stated contingency should occur. In resisting the defendant husband's motion for summary judgment, the plaintiff wife did not deny that under said agreement she had made such a promise. On the contrary, she contended only that the defendant should not be permitted to have the benefit of the defense which the agreement prima facie afforded him because, as she claimed, he had breached the agreement by failing to rent

out the remaining portions of the property and thereby failed to endeavor to produce therefrom a profit over and above its carrying charges. In my opinion, the said agreement is ambiguous with respect to the alleged obligation on the part of the defendant husband to rent out the remaining portions of the premises; and this alleged obligation as well as its alleged breach by the defendant present triable issues of fact which require a denial of summary judgment as to both parties. [26 Misc 2d 383.]