Michael M. D’Aubia, J.
Plaintiff’s motion for judgment dismissing the affirmative defense set forth in the ‘ ‘ answer ’ ’ is granted. That part of the motion seeking dismissal of the defendant’s counterclaim is denied as academic, in view of the facts herein related.
The subject motion, dated March 4, 1970, is addressed to the answer dated February 25, 1970. The papers submitted to the court herewith contain a “verified amended answer ”, dated May 27,1970, which, although containing substantially the same defense, fails to assert any “ counterclaim.” Upon hearing of the motion, the parties orally stipulated that their respective arguments would be addressed to the amended pleading.
The plaintiff in the subject action seeks partition of real property formerly owned by him and by defendant Pechstein as tenants by the entirety. In a divorce judgment of this court (Kingsley Smith, J.), dated November 16,1968, exclusive possession of the former marital abode was granted to the defendant, ‘‘ so long as she shall continue to have custody ’ ’ of the minor child of the marriage. It is this judgment which the defendant *970 has asserted as an affirmative defense to the present partition action, and it is such defense to which the plaintiff has addressed this motion. x
In granting the plaintiff’s motion, we have concluded that the defendants’ position has no merit (CPLR 3211, subd. [b]). It is elementary that a tenancy by the entirety is destroyed by an effective judgment of divorce, that thereafter the parties are seized and possessed of the subject property as tenants in common (Stelz v. Shreck, 128 N. Y. 263) and that, as such, are entitled to have the same partitioned by appropriate action (Yax v. Yax, 240 N. Y. 590).
The fact that the court has concluded that the defendant, as a former spouse having custody of issue of the marriage, requires and is entitled to support and housing, does not warrant depriving the plaintiff of his rights in the subject realty. The problem has been placed in its proper perspective by Mr. Justice Stbtjer, when he said in Rosenstiel v. Rosenstiel (20 A D 2d 71, 78): “ A spouse does not have a right to occupy realty owned by the other spouse by virtue of the marital status, any more than a spouse has a right to the use of any other property owned by the other spouse. Granted that, absent other factors, there is a privilege for such use implied in that status. Of course, the courts are empowered to require the husband to support the wife and this includes providing a home for her. In most instances the practical and expedient method of requiring the husband to provide shelter is to allow the wife to occupy the premises previously used as the marital home. But this is not to say that the court can compel the husband to allow the wife to use his property in that connection where other adequate provision is made for her.”
In the present case, if the proposed partition results in loss of possession by the defendant, or if such result appears imminent, an appropriate application for modification of the order of Mr. Justice Smith may be submitted, so that proper and adequate provision may be made for the defendant and the issue of the marriage (Domestic Relations Law, § 234).