Daniel Gr. Albert, J.
The parties herein were formerly husband and wife until a judgment of divorce, granted to the defendant herein by this court (Harnett, J.) on March 23, 1970, terminated the marital relationship. Among other provisions, that judgment granted the defendant exclusive possession of the marital residence, title to which had previously been conveyed to the parties as tenants by the entirety.
The plaintiff brings this action for a partition and sale of that property, contending that the judgment of divorce severed the tenancy by the entirety and converted the parties into tenants in common, and that, therefore, he has an absolute right to partition under article 9 of the Real Property Actions and Proceedings Law.
The instant application is a motion by the defendant for summary judgment on the ground that the award to her of exclusive possession of the property, alleged as an affirmative defense in her answer, bars the maintenance of this action.
The question presented is a fairly novel one. Apparently, the only decision directly in point is a recent one, by Mr. Justice D’Auria of this court, holding that the award of exclusive possession to one of the parties in a final judgment of divorce is not a valid defense to the other party’s suit for partition (Pechstein v. Pechstein, 64 Misc 2d 969, decided June 25, 1970).
For the reasons hereinafter set forth, this court is constrained to reach a contrary conclusion and to grant defendant’s motion for summary judgment.
There can be no doubt that a judgment of divorce has the effect of terminating the status of tenants by the entirety and of making the parties tenants in common of real property previously conveyed to them as husband and wife (Stelz v. Shreck, 128 N. Y. 263; Yax v. Yax, 240 N. Y. 590). It is equally true that a tenant in common has a right to partition under the statute (Real Property Actions and Proceedings Law, § 901). Clearly, absent a provision in the matrimonial judgment awarding exclusive possession to one of the parties, either would be free to seek partition.
Where such a provision is inserted, however, it is this court’s view that so long as that provision remains unmodified, the other party may not be allowed to circumvent the provision by bringing an action such as this. In the matrimonial action, the court had jurisdiction to determine any question relating to title, occupancy or possession of property arising between the parties *325 (Domestic Eelations Law, § 234). The award of exclusive possession of the marital residence to the defendant herein was made pursuant to that jurisdiction and in recognition of the husband’s obligation to support and maintain his former wife, which may include providing a suitable home for her.
The recognition of that obligation, incorporated into the judgment of divorce granted this defendant, would he, at least in part, negated if plaintiff were allowed to use this action for partition to force a sale of those premises. In this court’s opinion, it is no answer to say that defendant may seek modification of the judgment of divorce in the form of increased support payments if partition is granted. The proper procedure, in this court’s opinion, is for plaintiff to seek modification of that judgment in the first instance, so that proper consideration of the parties’ needs and circumstances may he made by the court which rendered the divorce. Such issues could not he fully litigated within the framework of the partition action.
There is further ground for the court’s determination in the statute governing partition actions. Section 901 of the Eeal Property Actions and Proceedings Law specifies that such action may he maintained by “ A person holding and in possession of real property as joint tenant or tenant in common ” (emphasis added).
This court holds that, so long as defendant has the right to exclusive possession under the judgment of divorce, plaintiff is not “ in possession of ” the subject property, within the meaning of section 901.
Accordingly, defendant’s motion is granted and a short-form order to that effect has been issued simultaneously herewith.