Joseph G. Fritsch, J.
This is a motion for an order pursuant to 'CPLR 3211 dismissing the complaint in the above-entitled partition action, and for an order pursuant to section 237 of the Domestic Relations Law granting counsel fees to the defendant.
A judgment of divorce was granted by me to the plaintiff herein by decree dated July 15, 1970, and entered and filed in the office of the Clerk of the County of Monroe on July 16, 1970. The defendant herein, who was the defendant in the divorce action, was awarded in said decree “the sole and exclusive use and possession of the real property owned by the parties at 41 Avondale Road, Irondequoit, New York, 14622 ”. This is the same property that is the subject of the instant partition action.
The defendant, Gladys Dehmler Davies, bases her motion to dismiss the pending partition action on the theory that since she has the present right under the divorce decree to the sole and exclusive use and possession of the property, which was given to her pursuant to section 234 of the Domestic Relations Law, the plaintiff does not qualify as a person entitled to maintain the action for partition under subdivision 1 of section 901 of the Real Property Actions and Proceedings Law, he not being in possession of the property either actually or constructively. Subdivision 1 of section 901 of the Real Property Actions and Proceedings Law is as follows: “A person holding and in possession of real property as joint tenant or tenant in common, in which he has an estate of inheritance, or for life, or for years, may maintain an action for the partition of the property, and for a sale if it appears that a partition cannot *482 be made without great prejudice to the owners.” The defendant contends further that the instant partition action is also barred by the award of possession to her in the divorce decree which is binding and thus is res judicata as to the present action in partition.
The plaintiff contends that since the divorce, the plaintiff and defendant are tenants in common as to the real property which is the subject of the partition action and that he is entitled to maintain the action in partition under subdivision 1 of section 901 of the Beal Property Actions and Proceedings Law even though the divorce decree deprived him of the right of possession of the marital realty. Plaintiff opposes the defendant’s motion for counsel fees as not being allowable under section 237 of the Domestic Relations Law since this partition action was brought after the final judgment of divorce was made.
I agree with the plaintiff in his opposition to the motion for counsel fees. The pending partition action is not a matrimonial action and section 237 of the Domestic Relations Law which would allow counsel fees has no application; further, they cannot be allowed as relating back to the divorce action because that action has ended in final judgment of divorce which has already been entered. The defendant’s motion for counsel fees is, therefore, denied.
The plaintiff and defendant, since the entry of the judgment of divorce, are no longer tenants by the entirety as to the real property in question, but now are tenants in common (see Stelz v. Schreck, 128 N. Y. 263; Yax v. Yax, 240 N. Y. 590.) The right to the possession of it, however, by the plaintiff, as a tenant in common, with the defendant, has been made subject to the exclusive use and possession of the property given to the defendant, the former wife, by the terms of the judgment of divorce. This exercise by the court of the power which it had under section 234 of the Domestic Relations Law to make a disposition of the possession of the property in kind, in my opinion, deprives plaintiff of the right he might otherwise have to maintain a partition action. To hold otherwise would defeat that part of the judgment of divorce that gave to the defendant exclusive possession of the real property.
Plaintiff, as long as the defendant has exclusive possession of the property, is not a person in possession under subdivision 1 of section 901 of the Real Property Actions and Proceedings Law who may maintain a partition action (see Ripp v. Ripp, 64 Misc 2d 323), and the defendant’s motion made under CPLR 3211 is, therefore, granted.