■ RICHARD PETTY, Appellant, v GERALDINE PETTY, Respondent. (Action No. 1.) In the Matter of GERALDINE PETTY, Appellant, v RICHARD PETTY, Respondent. (Action No. 2.)—Consolidated appeals (1) by the former husband from an order of the Supreme Court, Queens County, dated February 25, 1980, which denied his application for partition of the former marital residence or the payment of 50% of a reasonable rental therefor; and (2) by the former wife from an order of the Family Court, Queens County, dated April 28, 1980, which, *inter alia,* dismissed her petition seeking an increase in the amount of child support. Orders affirmed, without costs or disbursements. The parties in their separation agreement expressly gave to the wife exclusive possession of the marital residence. Upon their divorce six weeks later, the divorce decree adopted this provision and further provided that the agreement would survive and not merge into said decree. Subsequently, the wife remarried and her new husband moved into the former marital residence. Sometime later, an application was made by the former husband, *inter alia,* for partition of the residence. We agree with Special Term that the phrases "exclusive possession" and "exclusive right to occupy" as used in the separation

agreement were intended to provide the wife with the right to occupy the premises to the exclusion of her former husband and not of third persons if she so chose. Thus, the former husband, as tenant in common, cannot compel partition of the property since such an action would violate the parties' agreement (see *Orologio v Orologio*, 82 Misc 2d 1022; cf. *Ripp v Ripp*, 32 NY2d 755, affg 38 AD2d 65, 69, on opn at App Div; Contractual Provisions as Affecting Right to Judicial Partition, 37 ALR 3d 962). On the question of a denial of upward modification of child support we find that the case of *Matter of Boden v Boden* (42 NY2d 210) is dispositive. Mollen, P. J., Cohalan, O'Connor and Weinstein, JJ., concur.