■ SUSAN LUVERA, Individually and as Parent and Natural Guardian of PAUL LUVERA and Others, Infants, Appellants, v PAULA LUVERA, Individually and as Parent and Natural Guardian of CINDY LUVERA and Another, Infants, et al., Respondents.—In an action for the partition of real property, the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Murphy, J.), dated September 4, 1984, as granted the defendants' motion for reargument, and, upon reargument, vacated a prior order of the same court dated May 24, 1984, granted the defendants' motion for summary judgment dismissing the complaint, and denied the plaintiffs' cross motion for summary judgment.

Order modified, by deleting the provision thereof which granted the defendants' motion for summary judgment dismissing the complaint and substituting therefor a provision denying the motion. As so modified, order affirmed insofar as appealed from, without costs or disbursements, and matter remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

The defendant Paula Luvera was married to William Luvera on January 30, 1963 in Nassau County. Two issue were born of their marriage: the defendants Michael and Cindy Luvera. On September 29, 1965, William and Paula Luvera purchased, as tenants by the entirety, the premises known as 76 State Lane, Levittown, New York.

On May 25, 1970, Paula and William Luvera executed a separation agreement which, by its terms, granted Paula Luvera exclusive use and occupancy of the marital premises "until such time as same shall be sold". On August 11, 1970, Paula Luvera obtained a final judgment of divorce against William Luvera in Mexico. The parties' separation agreement was incorporated in, but not merged with, the judgment of divorce.

On September 3, 1970, William Luvera married the plaintiff Susan Luvera. Three issue were born of this marriage: the plaintiffs William, Paul and Thomas Luvera. Before the birth

of the couple's third child, the elder William Luvera died intestate on February 22, 1977.

The plaintiffs, Susan Luvera and her infant children, subsequently instituted the instant action against the defendants seeking to partition and sell the Levittown property. Following service of their answer, the defendants moved for summary judgment dismissing the complaint for lack of standing. The plaintiffs also cross-moved for summary judgment.

Special Term, by order dated May 24, 1984, originally denied the defendants' motion, granted the plaintiffs' cross motion, and directed the sale of the demised premises. Upon the defendants' motion for reargument, however, Special Term vacated its prior order, denied the plaintiffs' cross motion and granted the defendants' motion for summary judgment dismissing the complaint for lack of standing. We now modify by denying the defendants' motion.

It is axiomatic that once a tenancy by the entirety is converted into a tenancy in common upon the divorce of the parties, an action for partition may, in most instances, be brought by either party under RPAPL 901 (1) *(see, Stelz v Shreck,* 128 NY 263, 269; *Yax v Yax,* 240 NY 590; *Bank of N. Y. v Stauble,* 84 AD2d 530). That subdivision provides, *inter alia,* that "[a] person holding and in possession of real property as joint tenant or tenant in common * * * may maintain an action for the partition of the property". A tenant in common may be in either actual or constructive possession of the premises in order to seek partition thereof, provided that the tenant has a present right of possession *(see,* 3A Warren's Weed, New York Real Property Partition, § 4.02). Thus, where a divorce decree awards exclusive use and possession of the parties' marital premises to one spouse, the other spouse is precluded from seeking partition of the premises since that spouse is neither in present actual nor constructive possession thereof *(see, Davies v Davies,* 65 Misc 2d 480; *Ripp v Ripp,* 64 Misc 2d 323, *affd* 38 AD2d 65; *affd* 32 NY2d 755; *Bank of N. Y. v Stauble, supra).* Moreover, partition will not be compelled in violation of an agreement or restriction upon the estate provided, however, that the agreement or restriction is for a reasonable duration *(see, Albin v Albin,* 26 Misc 2d 383, *affd* 12 AD2d 933; *Casolo v Nardella,* 193 Misc 378, *affd* 275 App Div 502).

In the case at bar, the separation agreement between Paula and William Luvera awarded Paula Luvera exclusive possession of the marital premises for an indefinite period, namely, "until such time as same shall be sold". We conclude that the

agreement must be construed as limiting Paula Luvera's right to exclusive possession for a reasonable time following the execution of the agreement. Moreover, under the circumstances of this case, we further conclude that the reasonable time for her exclusive possession of the premises has passed, and, thus, the plaintiffs' action for partition is ripe. Paula Luvera has been residing in the premises for over 15 years since the divorce, and her children by her marriage with the decedent are over the age of 18 years. Moreover Paula Luvera has since remarried and her present husband resides in the former marital residence. On the other hand, the plaintiff Susan Luvera, whose children are all under the age of 18 years, has little or no assets with which to support herself and her children. Given these circumstances, we find Paula Luvera's right to exclusive possession of the Levittown property should be deemed to have expired.

Having now determined that the plaintiffs have standing to maintain this action under RPAPL 901 (1), we remit the matter to Special Term for consideration and determination of the extent of the interests of the respective parties in the demised premises. On this point, Special Term shall give consideration to the claims asserted by Paula Luvera in the defendants' answer regarding, *inter alia,* expenditures for repairs and capital improvements on the subject premises and the arrears in alimony and child support which existed at the time of the decedent William Luvera's death. Mollen, P. J., Thompson, Niehoff, Rubin and Kunzeman, JJ., concur.