■ PATRICIA E. RICHTER, Respondent, v THEODORE F. RICHTER, Appellant.—In an action for the partition of real property, the defendant husband appeals from an order of the Supreme Court, Nassau County (Joseph, J.), dated October 10, 1985, which granted the plaintiff wife's motion for appointment of a Referee to ascertain the rights, shares and interests of the respective parties in the subject premises.

Ordered that the order is reversed, without costs or disbursements, the motion is denied with leave to renew upon a showing that the parties' judgment of divorce has been modified to terminate the defendant's right to exclusive occupancy of the former marital residence, and the matter is remitted to the Supreme Court, Nassau County, for further proceedings consistent herewith.

Special Term erred in appointing a Referee to ascertain the rights, shares and interest of the parties in the subject premises, which is the parties' former marital residence. Pursuant to the terms of the parties' judgment of divorce, the defendant was awarded exclusive occupancy of the marital residence for an indefinite period of time. Under these circumstances, the plaintiff is not entitled to seek partition of the premises since she is not, as is required by RPAPL 901 (1), "[a] person holding and in possession of real property as joint tenant or tenant in common" *(see, Luvera v Luvera,* 119 AD2d 810; *Ripp v Ripp,* 64 Misc 2d 323, *affd* 38 AD2d 65, *affd* 32 NY2d 755). In order to be entitled to partition and appointment of a Referee, the plaintiff must first seek modification of the parties' judgment of divorce in order to terminate the defendant's right to exclusive occupancy. On this point we note that the judgment of divorce must be construed as limiting the defendant's right of exclusive possession for a reasonable time following the execution of the judgment *(see, Luvera v Luvera, supra).* On the basis of this record, we are unable to determine whether a reasonable time has expired. Mollen, P. J., Bracken, Brown and Sullivan, JJ., concur.