■ ELAINE G. MCNALLY, Respondent, v VIOLET M. MC-NALLY, Appellant.—In an action for the partition of real property, the defendant appeals from an interlocutory judgment of the Supreme Court, Nassau County (Robbins, J.), dated June 11, 1986, which, upon denying her motion for summary judgment and, upon granting the plaintiff's cross motion for summary judgment and the appointment of a Referee to fix the parties' rights in the property, was in favor of the plaintiff.

Ordered that the interlocutory judgment is reversed, on the law, without costs or disbursements, the defendant's motion for summary judgment is granted, the cross motion is denied, and the complaint is dismissed.

The defendant and the plaintiff's decedent Leonard F. McNally were married in 1947. In 1961, certain real property located in Old Bethpage, New York, was conveyed to them as tenants by the entirety. They were divorced in 1970. Mr.

McNally died in 1972. This is an action brought by the executrix of Mr. McNally's estate for the partition of the property located in Old Bethpage, where the defendant, the decedent's ex-wife, has resided continuously since 1961. Special Term granted summary judgment in favor of the plaintiff. We reverse.

The judgment of divorce entered in 1970 terminated the tenancy by the entirety, and rendered the defendant and the plaintiff's decedent tenants in common (see, Matter of Violi, 65 NY2d 392, 395; Kahn v Kahn, 43 NY2d 203, 207; Stelz v Shreck, 128 NY 263, 267). Under the general rule, therefore, the plaintiff's decedent, and hence his estate, would be entitled to seek a partition of the property pursuant to RPAPL 901 (1) (see, Yax v Yax, 240 NY 590; Ripp v Ripp, 38 AD2d 65, 67, affd 32 NY2d 755; Luvera v Luvera, 119 AD2d 810, 811; Gasko v Del Ventura, 96 AD2d 896).

However, the general rule yields, in this case, to the well-recognized exception that equity will not award partition to a party in violation of his own agreement (Chew v Sheldon, 214 NY 344; Altman v Altman, 271 App Div 884, affd 297 NY 973). Put somewhat differently, an agreement not to partition is a valid defense to an action for partition (see, Ogilby v Hickok, 144 App Div 61, affd 202 NY 614; Smith v Smith, 214 App Div 383; see also, 14 Carmody-Wait 2d, NY Prac § 91:91, at 384-385; 68 CJS, Partition, § 44).

In the case under review, the plaintiff's decedent executed a separation agreement with the defendant in 1965 in which it was stipulated that the defendant would have the contractual right to exclusively occupy the subject premises. The defendant, for her part, promised to pay the mortgage and insurance payments, as well as the taxes relating to the subject premises. Absolutely no limitation was placed on the defendant's right to occupy the subject residence, and no such limitation is reasonably inferable from the terms of the agreement. Thus, the plaintiff's decedent in effect agreed to refrain from exercising his right to partition for the duration of the defendant's life (provided, of course, that she remain in occupancy of the premises and paid the mortgage, insurance premiums and taxes) (see, Ripp v Ripp, supra; Petty v Petty, 79 AD2d 679, 680, lv denied 53 NY2d 605; Orologio v Orologio, 82 Misc 2d 1022, 1024).

The plaintiff argues that such an agreement not to seek partition for the duration of a cotenant's life is an unreasonable restraint on alienation. We disagree, and note that numerous courts have upheld just the sort of agreement that is

involved in this case *(see, e.g., Kopp v Kopp,* 339 Pa Super Ct 230, 488 A2d 636; *McDowell v McDowell,* 61 NC App 700, 301 SE2d 729, 731; *Condrey v Condrey,* 92 So 2d 423, 426 [Fla]; *see also, Davies v Davies,* 65 Misc 2d 480, 482). The case of *Luvera v Luvera (supra)* is distinguishable. In that case, the former tenants by the entirety had expressly agreed to sell the subject property; there was no such agreement in the instant case. Thus, in *Luvera v Luvera (supra)* the parties did not contemplate that one ex-spouse would have the right to occupy the subject residence for the rest of his or her life. For the reasons heretofore discussed, the intention of the plaintiff's decedent, as revealed by the unambiguous terms of the 1965 separation agreement, was to allow the defendant to reside in the subject residence for the rest of her life. He, therefore, agreed not to seek partition, and his executrix is bound by that agreement. Accordingly, the interlocutory judgment under review is reversed, and summary judgment is granted in favor of the defendant. Mangano, J. P., Bracken, Eiber and Spatt, JJ., concur.