JOSEPH E. SURLAK, Appellant, v ELLEN P. FULFREE, Also Known as ELLEN P. SURLAK, Respondent.

Second Department, February 14, 1989

### APPEARANCES OF COUNSEL

*J. Anthony Burton* for appellant.

*Wekstein & Fulfree (Richard W. Fulfree* of counsel), for respondent.

### OPINION OF THE COURT

Per Curiam.

The instant appeal presents for our consideration the issue

of whether a provision in the parties' separation agreement which grants the defendant wife a right of exclusive use and occupancy of the marital premises, and which imposes no express conditions or limitations upon that right, should nevertheless be deemed limited by law to a reasonable duration. For the reasons which follow, we conclude that it should.

The record reveals that the parties married in 1959 and entered into a separation agreement in 1973. In addition to requiring the plaintiff husband to pay the defendant wife the sum of $600 per month as "support and alimoney *[sic]*", the separation agreement contained the following provision: "The wife shall have the full and complete care, custody and control of the children of said marriage, and full and sole possession and use of the marital domocile *[sic]* at 115 Bennett Ave. Yonkers, New York. However, the husband shall have reasonable and liberal rights of visitation with the children". At the time of the execution of the agreement, the parties had a daughter and a son, born in 1960 and 1961, respectively. The children left home and became emancipated between 1977 and 1979, and in 1978, the husband ceased making any payments to the wife *(Surlak v Surlak,* 95 AD2d 371, *mot to dismiss appeal granted* 61 NY2d 906). As a result of the nonpayment, the husband alleges that the wife presently holds a series of arrears judgments against him in excess of $52,000. The husband further alleges that the wife's paramour took up residence in the marital home at some point in 1975.

The parties divorced in April 1985, and the wife allegedly married her paramour shortly thereafter. The judgment of divorce provided that the parties' separation agreement would be incorporated but not merged therein. In 1987 the husband sought to amend the divorce judgment to terminate the wife's right of exclusive occupancy and possession so that a partition and sale of the premises could be obtained. The Supreme Court, Westchester County (Marbach, J.), by order dated March 12, 1987, granted the requested relief, terminated the wife's right of exclusive occupancy as incorporated in the divorce judgment, and provided that either party could maintain an action for partition.

The husband then commenced the instant action for partition, and the wife sought summary judgment dismissing the complaint on the ground that the terms of the parties' separation agreement granted her a life estate in the subject premises. The court granted the wife's motion and dismissed the husband's complaint. We now reverse and, upon searching the

record (see, CPLR 3212 [b]), grant partial summary judgment in favor of the husband on his claim for partition.

"It is axiomatic that once a tenancy by the entirety is converted into a tenancy in common upon the divorce of the parties, an action for partition may, in most instances, be brought by either party under RPAPL 901 (1)" (Luvera v Luvera, 119 AD2d 810, 811). However, partition does not lie where a party has entered into an agreement not to partition the property (see, McNally v McNally, 129 AD2d 686). The wife contends that the unlimited grant of exclusive occupancy in her favor as set forth in the parties' separation agreement constitutes an agreement by the husband not to seek partition of the subject premises during her lifetime. We do not agree.

While an agreement or judgment which awards a tenant in common an unlimited and unqualified right to the exclusive occupancy and possession of real property effectively precludes an action for partition, it is well settled that the right of exclusive occupancy so awarded, and the restriction on partition which results therefrom, must be deemed limited to a reasonable duration absent an express or implied agreement to the contrary (see, Richter v Richter, 125 AD2d 384; Luvera v Luvera, supra; see generally, Albin v Albin, 26 Misc 2d 383, affd 12 AD2d 933).

The separation agreement before us contains no express time limitation or other condition upon which the wife's right to exclusive occupancy terminates. However, it similarly fails to set forth any agreement by the husband to refrain from seeking partition for the remainder of the wife's life, nor can such an agreement reasonably be inferred from the circumstances presented. Hence, in the absence of proof that any such express or implied agreement exists, the presumption of a reasonable time limitation is applicable, and we must determine whether the reasonable duration of the wife's right of exclusive occupancy in this case has expired. The facts of this case indicate that it has. The wife has enjoyed the exclusive use and occupancy of the subject premises for some 15 years. Moreover, the parties' children have been emancipated for several years, a significant consideration in view of the fact that the grant of exclusive occupancy to the wife and the language giving her custody of the parties' then unemancipated children appear in the very same sentence of the separation agreement. Additionally, it is undisputed that the wife remarried shortly after the parties' 1985 divorce and that her present spouse continues to reside at the subject premises.

Finally, the husband persuasively contends that he will be financially unable to satisfy the support arrears judgments against him unless his interest in the subject property is liquidated. Accordingly, under these circumstances, we must conclude that the wife's right to the exclusive occupancy and possession of the premises under the separation agreement has elapsed and that the husband has demonstrated his entitlement to partition (see, Luvera v Luvera, 119 AD2d 810, supra).

We note that the wife's reliance upon our decision in McNally v McNally (129 AD2d 686, supra) is misplaced. Indeed, we based our decision in that case upon the general tenor of the lengthy and comprehensive separation agreement involved as well as the specific terms contained therein, which included, inter alia, an express contractual obligation on the part of the wife to pay all carrying costs on the marital premises in return for her exclusive occupancy thereof, and which failed to indicate any connection between the right of exclusive occupancy and the custody of the parties' unemancipated children. Accordingly, upon consideration of all of the relevant factors, we concluded that the separation agreement in McNally v McNally (supra) evinced an intent that the wife therein should have exclusive occupancy of the marital premises for the rest of her life. As such, our holding in McNally v McNally (supra) was limited to the situation presented therein and does nothing to undermine the legal presumption that an unconditional grant of exclusive occupancy must be deemed limited to a reasonable duration absent proof of an agreement to the contrary. Similarly, McNally v McNally (supra) does not, as the wife presently suggests, set forth the broad legal proposition that a life tenancy is created in favor of an occupying spouse whenever a separation agreement or a judgment of divorce contains both an unlimited grant of exclusive occupancy and a provision requiring the occupying spouse to pay all carrying costs on the premises. The inclusion of these two provisions in an agreement merely constitutes one factor to be weighed by the court in its consideration of the specific language employed in the agreement, the general tenor of the agreement as a whole, and the particular facts attendant to its execution.

In view of the foregoing, we conclude that the wife's motion for summary judgment should be denied. However, while the husband has established his legal right to partition, his requests for a judicial sale of the premises, or alternatively, for

an order directing the wife to purchase his interest in the subject premises, and for an award of counsel fees, must await a determination by the Supreme Court.

In view of the foregoing, we do not reach the remaining contention of the husband.

LAWRENCE, J. P., KUNZEMAN, SULLIVAN and BALLETTA, JJ., concur.

Ordered that the order of the Supreme Court, Westchester County, entered August 31, 1987, is reversed, on the law, with costs, the defendant's motion for summary judgment is denied, the complaint is reinstated, and, upon searching the record (see, CPLR 3212 [b]), partial summary judgment is awarded to the plaintiff on his claim for partition, and the matter is remitted to the Supreme Court, Westchester County, for further proceedings consistent herewith.