OPINION OF THE COURT
James D. Benson, J.
This motion by defendant for an order directing that the complaint in this action for partition be dismissed pursuant to CPLR 3211 (a) (1), (3), (4), (5), (7) is denied.
The issue presented in this motion is whether plaintiff is barred from bringing the instant action for partition because of an extant order granting temporary exclusive possession of *740 the marital residence to defendant in a pending divorce action. He is not.
The parties entered into a contract to purchase the land upon which the marital residence is now situated approximately two years prior to their marriage. They acquired title to the parcel approximately one year before they were married. They hold title as joint tenants. Their marriage did not transform the joint tenancy into one by the entirety, which could be created only by a conveyance to a husband and wife. (EPTL 6-2.1 [a] [4]; 6-2.2 [b]; Hiles v Fisher, 144 NY 306 [1895].)
The defendant urges the view that the temporary order granting her exclusive possession precludes plaintiff from bringing an action for partition. The principal cases cited by defendant in support of that theory are all distinguishable from the facts at bar. In Luvera v Luvera (119 AD2d 810) the wife was awarded exclusive possession of the marital residence for an indefinite period of time in a separation agreement incorporated but not merged into the divorce judgment. The Appellate Division, Second Department, modified the lower court’s decision on the basis that exclusive possession must be for a reasonable time following execution of the agreement. The same determination was made in Surlak v Surlak (145 AD2d 79, 81-82). In McNally v McNally (129 AD2d 686) the parties executed a separation agreement in 1965. The husband agreed to refrain from exercising his right to partition for the duration of the wife’s life provided she met certain contingencies. The Appellate Division, Second Department, determined that an agreement not to partition is a valid defense to an action for partition. In Thurmond v Thurmond (155 AD2d 527, 529-530) the Appellate Division, Second Department, pronounced: "An agreement or judgment which awards a tenant in common an unlimited and unqualified right to the exclusive occupancy and possession of real property effectively precludes an action for partition by the nonpossessing cotenant (RPAPL 901 [1]; Surlak v Fulfree, 145 AD2d 79; Ripp v Ripp, supra). ”
The court granted the husband leave to commence a new partition action in the event he succeeded with his motion to modify the divorce judgment so as to terminate the wife’s right to exclusive possession of the former marital residence. Finally, in Ripp v Ripp (64 Misc 2d 323, affd 38 AD2d 65, affd 32 NY2d 755), the plaintiff husband and defendant wife owned their home as tenants by the entirety. They were divorced, and their tenancy was converted to one in common. The *741 defendant was awarded exclusive possession of the marital home. The husband, suing as a tenant in common, commenced an action for partition four months after entry of the divorce judgment. The action was dismissed, but with leave granted to the plaintiff to move for modification of the judgment so as to grant him the right to institute such an action.
There are a number of features in this action which distinguish it from the authorities relied upon by defendant. The marital residence was purchased prior to the marriage. Unlike the cases previously cited, it is not marital property, nor is it subject to equitable distribution. (Domestic Relations Law § 236 [B] [1] [c]; Novak v Novak, 135 Misc 2d 909, 911.) There is no agreement, stipulation or final judgment awarding one of the parties exclusive possession. Neither party has agreed to forbear bringing an action for partition. The award herein for exclusive possession is temporary, subject to modification or divestiture upon the determination of all the issues in the underlying divorce action. Actual possession on the part of plaintiff is not a requisite. Constructive possession which follows the legal title is adequate. (14 Carmody-Wait 2d, NY Prac § 91:24, and the authorities therein cited.)
On this application, the court considered the notice of motion supported by an affirmation, answering affirmation and three defendant’s exhibits. It did not consider the reply affirmation as it is unsigned.
Counsel are directed to appear for a preliminary conference on February 28, 1990 at 9:30 a.m. Adjournments will be granted only with leave of the court.