■ JERRY SHERMAN, Appellant, v YVETTE SHERMAN, Respondent.—In a matrimonial action in which the parties were divorced by judgment entered October 16, 1979, resettled November 28, 1979, the plaintiff husband appeals from an order of the Supreme Court, Richmond County (Kuffner, J.), dated August 17, 1987, which denied his motion (1) to modify the terms of the judgment of divorce and reform the provisions of a stipulation of settlement which survived the judgment of divorce, to terminate the defendant's exclusive possession of the residential portions of the former marital residence and his obligation to pay her $350 per week, and (2) for an award of counsel fees.

Ordered that the order is modified, by deleting the provision thereof which denied that branch of the plaintiff's motion which was to modify the judgment of divorce and to reform the stipulation of settlement to terminate the defendant's exclusive occupancy rights and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The defendant married the plaintiff on August 12, 1956. Three children were born of the marriage. The parties owned, as tenants by the entirety, the premises known as 25 Forest Avenue, Staten Island, New York. On September 25, 1979, the couple entered into a stipulation of settlement in connection with the action for divorce. The stipulation, which was entered into in open court, provided, *inter alia,* that the defendant have exclusive use and occupancy of the residential portion of the marital premises. It also directed that the plaintiff pay the wife $350 per week for "her support and the support of the infant children". No mention was made of any reduction of that sum upon the emancipation of the children. The stipulation was incorporated in, but not merged with, the judgment of divorce.

In 1987 the plaintiff moved to modify the judgment of divorce and reform the stipulation of settlement which survived the judgment of divorce, and for an award of counsel fees. In the order appealed from, the motion was denied. We now modify by granting that branch of the motion which was to terminate the defendant's exclusive possession of the residential portions of the former marital residence.

An agreement or judgment which awards a party an unlim-

ited and unqualified right to the exclusive occupancy and possession of real property must contain a limitation of time, otherwise the power to alienate would be suspended for an unreasonable time. Absent an express or implied agreement to the contrary, the right to exclusive occupancy will be deemed limited to a reasonable duration (see, Surlak v Fulfree, 145 AD2d 79; Luvera v Luvera, 119 AD2d 810; Albin v Albin, 26 Misc 2d 383, affd 12 AD2d 933). In the case at bar, the stipulation between the parties awarded the defendant exclusive possession of the residential portion of the former marital residence for an indefinite period. We conclude that the stipulation must be construed as limiting the defendant's right to exclusive possession for a reasonable time following the execution of the stipulation. Moreover, under the circumstances of this case, we further conclude that the reasonable time for her exclusive possession of the premises has passed. The parties' youngest child became emancipated in 1986 and the defendant has enjoyed the exclusive use and occupancy of the subject premises for some 11 years. Given these circumstances, we find the defendant's right to exclusive possession of the subject premises should be terminated.

The plaintiff also claims that the provision awarding the defendant $350 per week "for her support and the support of the infant children" was ambiguous. The inclusion of the stated terms in the stipulation shows that the parties contemplated, to some extent, support of the children and maintenance of the defendant without allocation. "It has repeatedly been held that where a separation agreement provides for an unallocated * * * alimony and child support payment, that payment, generally, may only be reduced or terminated on conditions expressed in the agreement * * *. Terms or conditions for reduction or termination of such payments, relating to the status of the children, should not be implied or deemed to exist" (Surlak v Surlak, 95 AD2d 371, 375-376). Since the stipulation in this case contains no provision for terminating or reducing the weekly payments after the children's emancipation, it must be concluded that, under the agreement as written, the emancipation of the children had no bearing on that obligation. Thus, the court properly found that paragraph of the stipulation, providing for a fixed, unallocated sum of money for support and maintenance to be paid to the defendant on a weekly basis, was unambiguous.

The trial court did not improvidently exercise its discretion in refusing to award counsel fees to the plaintiff. There is no affidavit of services by his attorney, which is an essential

requirement for such relief *(see, McKean v McKean,* 100 AD2d 537, 538). Thompson, J. P., Brown, Kunzeman and Rosenblatt, JJ., concur.