■ PERRY SKLARIN, Appellant, v JUDITH SKLARIN, Respondent. [612 NYS2d 64] —In a matrimonial action in which the parties were divorced by judgment dated May 10, 1975, the plaintiff appeals from so much of an order of the Supreme Court, Nassau County (McCaffrey, J.), dated June 3, 1992, as denied that branch of his motion which was, in effect, to modify the terms of the judgment of divorce and reform the provisions of a separation agreement which survived and did not merge into the judgment of divorce, to terminate the defendant's right to exclusive occupancy and possession of the marital residence and to direct her to cooperate in its marketing and sale.

Ordered that the order is affirmed insofar as appealed from, with costs.

Pursuant to the express terms of the parties' separation agreement, the former wife is entitled to exclusive occupancy and possession of the marital residence until she either remarries or vacates the premises. Although it is uncontested that neither event has transpired, the former husband nevertheless asserts that because neither event may ever come to pass, the law implies that the former wife's exclusive occupancy must be limited to a reasonable period of time. This contention is without merit. An exclusive occupancy provision of a separation agreement will not be deemed limited to a court-determined "reasonable" period of time where the parties have expressly and unambiguously stipulated otherwise (see generally, Sherman v Sherman, 168 AD2d 550; Surlak v Fulfree, 145 AD2d 79; cf., Luvera v Luvera, 119 AD2d 810). Bracken, J. P., Miller, Copertino and Altman, JJ., concur.