■ JERRY SHERMAN, Appellant, v YVETTE SHERMAN, Respondent. [619 NYS2d 319] —In a matrimonial action in which the parties were divorced by a judgment dated November 28, 1979, the plaintiff former husband appeals from so much of an order of the Supreme Court, Richmond County (Marrero, J.), dated July 9, 1993, as, (1) upon reargument, denied the branch of his motion which was to modify so much of an order entered March 1, 1993, as denied his requests for restitution and counsel fees, and (2) denied his request for reformation of a stipulation of settlement dated September 25, 1979.

Ordered that the order is affirmed insofar as appealed from, with costs.

At the completion of divorce negotiations between the parties, both of whom were represented by able counsel, the parties entered into a stipulation of settlement (hereinafter the stipulation) in open court on September 25, 1979. The stipulation provided, in pertinent part, that the defendant would have exclusive use and possession of the residential portion of the marital residence and the plaintiff, a dentist, would have exclusive use and possession of the portion of the premises where his professional office was located. In a separate paragraph, the stipulation further provided that the plaintiff would pay all carrying charges on the marital residence. The stipulation did not contain a time limitation for either provision. The judgment of divorce, dated November 28, 1979, provided that the stipulation "shall survive and shall not be merged in this judgment".

In December 1990 this Court modified an order of the Supreme Court, dated August 17, 1987, which, *inter alia,* denied the plaintiff's motion to modify the judgment of divorce and granted the plaintiff's motion to reform the stipulation. The judgment of divorce was thereby modified by terminating the defendant's right to the exclusive use and occupancy of the marital residence *(see, Sherman v Sherman,* 168 AD2d 550). This Court based its determination on the legal principle that suspension of the power to alienate real property must be limited to a reasonable period of time. With the emancipation of the parties' youngest child, and given the defendant's exclusive use and possession of the marital residence for 11 years, that reasonable time had passed *(see, Sherman v Sherman, supra).*

In November 1992 the plaintiff moved by order to show cause for, among other things, restitution from the defendant for her share of the carrying charges on the marital residence from August 1987 to October 1992, and for reimbursement of such sums accruing during the pendency of the motion. After the court denied the plaintiff's motion, he moved for reargument and, for the first time, also requested reformation of the stipulation terminating his payment obligations on the marital residence. Upon reargument, the court adhered to its original determination, explaining that the order of this Court terminating the defendant's exclusive occupancy rights did not relieve the plaintiff of his bargained-for payment obligations, and also denied his request for reformation of the stipulation.

The court properly denied the plaintiff's request for reformation of the stipulation because he had freely entered into it in open court, after stating that he understood its terms and while he was represented by able counsel *(see,* CPLR 2104; *Christian v Christian,* 42 NY2d 63). There is no evidence in the record of mistake, fraud, duress, overreaching, or unconscionability that would be reasons for setting aside the stipulation *(see, Christian v Christian, supra,* at 71; *Cantamessa v Cantamessa,* 170 AD2d 792, 793; *Perl v Perl,* 126 AD2d 91, 95).

The plaintiff's claim that he is entitled to restitution for moneys he expended on the marital residence because of the Supreme Court's erroneous 1987 order, which was reversed by this Court in 1990 *(see, Deli of Latham v Freije,* 133 AD2d 889; *see also,* Siegel, Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C5523:1, at 417), is without merit. This Court reversed the 1987 order on the limited basis that the reasonable time for the defendant's exclusive occu-

pancy had passed, which had nothing to do with the plaintiff's separate payment obligations.

We have examined the plaintiff's remaining contentions and find them without merit. Thompson, J. P., Lawrence, O'Brien and Krausman, JJ., concur.