■ PATRICIA A. HAINES, Respondent, v STEVEN A. HAINES, Appellant. [678 NYS2d 171] —Mikoll, J. Appeal from an order of the Supreme Court (Monserrate, J.), entered October 11, 1997 in Broome County, which denied defendant's motion to direct the sale of the parties' former marital residence.

In 1980, plaintiff and defendant were divorced and sole possession of the marital home was awarded to plaintiff. Plaintiff resided in the home in the Town of Union, Broome County, with the parties' two minor children. In August 1997, defendant moved pursuant to Domestic Relations Law § 234 to direct the sale of the parties' former marital home. Defendant claimed that the house should be sold because the parties' two children were no longer minors and because he was permanently disabled and financially burdened. Supreme Court noted that plaintiff still lives in the home with the parties' youngest daughter, who was unemancipated and 18 years old at the time. The court also noted that in March 1991, defendant agreed to sign a $5,456 mortgage on the home to the Town. Pursuant to the terms and conditions of the mortgage, plaintiff's obligation to repay the note on the mortgage would disappear after 10 years, in March 2001. Supreme Court concluded that by signing the mortgage, defendant did so with the implicit understanding that the house would not be sold until the 10-year period had expired and the obligation to repay the note was gone. Consequently, the court denied defendant's motion and this appeal ensued.

As it was stated in *Sherman v Sherman* (168 AD2d 550, 550-551, *lv dismissed* 78 NY2d 1007), "[A]n agreement or judgment which awards a party an unlimited and unqualified right to the exclusive occupancy and possession of real property must contain a limitation of time * * * Absent an expressed or implied agreement to the contrary, the right to exclusive occupancy will be deemed limited to a reasonable duration" (*Sherman v Sherman, supra*, at 550-551). Plaintiff's right to exclusive occupancy of the former marital residence did not contain a time limitation or an expiration date. Therefore, Supreme Court concluded that a reasonable duration for plaintiff to retain exclusive occupancy of the parties' former marital home would expire after the youngest child reached the age of majority and the 10-year period on the mortgage

expired. We concur with the court's conclusion that allowing plaintiff to continue to retain her residency in the former marital home until March 2001 constitutes a reasonable period of time of exclusive occupancy. On March 26, 2001, plaintiff's obligation to pay back the note will expire. Moreover, at that time, the parties' youngest daughter will have reached the age of majority and will be 22 years old. In light of the fact that the parties' youngest daughter remains unemancipated and living with plaintiff and that defendant acquiesced in the terms and conditions of the mortgage that would expire after 10 years, in our view Supreme Court did not improvidently exercise its discretion and we conclude that equity favors allowing plaintiff to remain in exclusive possession of the home until March 26, 2001 (*see, Stressler v Stressler*, 193 AD2d 728).

Cardona, P. J., Mercure, Peters and Carpinello, JJ., concur. Ordered that the order is affirmed, without costs.