JOLANTA FERRARO, Formerly Known as JOLANTA JANIS, Respondent, v ZBIGNIEW JANIS, Appellant. (Action No. 1.) JOLANTA FERRARO, Formerly Known as JOLANTA JANIS, Appellant, v AGNIESZKA JANIS, Respondent. (Action No. 2.) [880 NYS2d 201]—

Rose, J. Appeals (1) from an order of the Supreme Court (Peckham, J.), entered December 13, 2007 in Delaware County, which, among other things, granted plaintiff's motion for summary judgment in action No. 1, and (2) from an order of said court, entered May 13, 2008 in Delaware County, which, among other things, granted the motion of defendant Agnieszka Janis for summary judgment dismissing the complaint in action No. 2.

In 1997, plaintiff and defendant Zbigniew Janis (hereinafter defendant) entered into a stipulation of settlement and were divorced. The stipulation provided that, after the divorce, they would own certain real property as joint tenants, defendant would have exclusive use of the property as long as he paid its carrying expenses and plaintiff would receive one half of the proceeds when the property was sold. It further stated that defendant could convey his interest to a new wife upon remarriage. In 2000, the parties agreed to sell part of the real property, but defendant used all of the proceeds to pay his debts. In 2004, defendant married defendant Agnieszka Janis (hereinafter Janis) and conveyed his interest in the remaining real property to her. Plaintiff then commenced action No. 1 in 2004

against defendant and Janis* to recover her share of the proceeds of the sale in 2000. She later commenced action No. 2 in 2007 against Janis to obtain partition and sale of the property. When plaintiff moved for summary judgment in action No. 1, defendant asserted that plaintiff had consented to his retention of all of the sale proceeds. Supreme Court rejected defendant's claim and awarded plaintiff judgment for $58,500. Defendant appeals from that order. When Janis moved for summary judgment in action No. 2, Supreme Court concluded that the stipulation's grant of exclusive use precluded partition and dismissed the complaint. Plaintiff appeals from that order.

Turning first to defendant's appeal, we find no merit in his contention that plaintiff had agreed to modify the stipulation to permit him to keep all of the sale proceeds. Inasmuch as defendant's opposition to plaintiff's motion for summary judgment asserted only that she had known that he was going to use the sale proceeds to pay his debts and did not object, Supreme Court correctly viewed the question to be whether plaintiff had waived her right to one half of the proceeds.

A waiver is " 'a clear manifestation of intent' to relinquish a contractual protection" and " 'should not be lightly presumed' " (*Fundamental Portfolio Advisors, Inc. v Tocqueville Asset Mgt., L.P.*, 7 NY3d 96, 104 [2006], quoting *Gilbert Frank Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *see Team Mktg. USA Corp. v Power Pact, LLC*, 41 AD3d 939, 941-942 [2007]). Such an intent is not to be inferred from mere silence (*see Agati v Agati*, 92 AD2d 737, 737 [1983], *affd* 59 NY2d 830 [1983]). Here, defendant alleged that, prior to the sale, he proposed using the proceeds to pay his tax debts and plaintiff did not object or demand payment until more than three years later. Since such conduct would show only passive acquiescence rather than an intentional or affirmative relinquishment of plaintiff's rights, it fails to establish waiver (*see Peck v Peck*, 232 AD2d 540, 540 [1996]; *Joyce v Joyce*, 110 AD2d 682, 682-683 [1985], *appeal dismissed* 65 NY2d 923 [1985]).

Contrary to plaintiff's contention on her appeal, we are persuaded that the dismissal of her partition action was not error. By operation of statute, plaintiff and Janis became tenants in common when defendant conveyed his joint tenancy to Janis (*see* Real Property Law § 240-c [1] [a]). While a tenant in common normally has a statutory right to maintain an action for partition (*see* RPAPL 901 [1]), an exception to this right has been recognized where ex-spouses become cotenants and one is

---

* By order entered in 2006, Janis' motion for summary judgment dismissing the complaint against her was granted.

granted exclusive possession as part of their equitable distribution of marital property (*see Givens v Givens*, 138 AD2d 348, 348-349 [1988]; *Petty v Petty*, 79 AD2d 679, 679-680 [1980], *lv denied* 53 NY2d 605 [1981]; *Ripp v Ripp*, 38 AD2d 65, 69-71 [1971], *affd* 32 NY2d 755 [1973]). In such circumstances, it has been found that "the parties intended that neither would seek partition [and, thus,] [p]artition of the property simply would not be compatible with the grant of exclusive possession" (*Herrington v Herrington*, 81 AD2d 679, 679 [1981], *affd* 56 NY2d 580 [1982]). Here, the situation is sufficiently analogous. There is no dispute that the stipulation between plaintiff and defendant determined their respective rights in the former marital property and allowed defendant to convey his ownership interest without providing that such conveyance would terminate his exclusive use. Given plaintiff's stipulation, permitting her to seek the equitable remedy of partition would be inconsistent with the parties' agreed-upon equitable distribution of property rights, at least until defendant ceases to actually use the property (*see Luvera v Luvera*, 119 AD2d 810, 811 [1986]).

Peters, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the orders are affirmed, without costs.