■ THANAS PANDO, Appellant, v MARIA THERESA TAPIA, Respondent. [914 NYS2d 226]—

In an action for the partition and sale of real property and for an accounting, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Queens County (Rosengarten, J.), dated September 8, 2009, as, in effect, denied those branches of his motion which were for summary judgment on the complaint and dismissing the second affirmative defense and the first and second counterclaims.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the second affirmative defense and the first and second counterclaims are granted, and the matter is remitted to the Supreme Court, Queens County, to, inter alia, ascertain the rights, shares, and interests of the parties in the subject premises, by a reference or otherwise, and thereafter for entry of an appropriate judgment.

In 1973 the defendant, Maria Theresa Tapia, and her husband, as tenants by the entirety, purchased certain real property in Queens (hereinafter the subject property). There were no children of the marriage and, in 1979, they were divorced. The judgment of divorce awarded exclusive possession of the subject property to the defendant. In 2005 the defendant's former husband died. His sole surviving heirs were a son and a daughter from a prior marriage who inherited his interest in the subject property. On April 29, 2008, they sold their interest in the subject property to the plaintiff, Thanas Pando. In February 2009 the plaintiff commenced this action. In the order appealed from, the Supreme Court, inter alia, denied those branches of the plaintiff's motion which were for summary judgment on the complaint and dismissing the second affirmative defense and the first and second counterclaims. We reverse the order insofar as appealed from and remit for further proceedings consistent with our determination.

As a result of the 1979 divorce, the defendant and her former

husband owned the subject property as tenants in common, since their ownership as tenants by the entirety was extinguished as a matter of law (*see Goldman v Goldman*, 95 NY2d 120, 122 [2000]; *Kahn v Kahn*, 43 NY2d 203, 207 [1977]; *Ehrgott v Buzerak*, 49 AD3d 681, 682 [2008]). After the death of the defendant's former husband in 2005, his interest in the subject property passed to his two surviving heirs, and they, in turn, sold their interest to the plaintiff. Thus, the plaintiff and the defendant became owners of the subject property as tenants in common, with each owning a one-half undivided interest (*see Ramsey v Ramsey*, 69 AD3d 829, 831 [2010]; *Duffy v Duffy*, 21 AD3d 928, 929 [2005]; *Luvera v Luvera*, 119 AD2d 810, 810-811 [1986]).

Pursuant to Real Property Actions and Proceedings Law § 901 (1), a tenant in common may maintain an action for the partition of real property and for a sale if a partition cannot be made without great prejudice to the owners (*see* RPAPL 901 [1]). While partition is governed by statute, the actual remedy is subject to the equities between the parties (*see Arata v Behling*, 57 AD3d 925, 926 [2008]; *Freigang v Freigang*, 256 AD2d 539, 540 [1998]). In a partition action where, as here, one of the tenants in common was previously awarded exclusive possession pursuant to a judgment of divorce, "the right of exclusive occupancy . . . and the restriction on partition which results therefrom, must be deemed limited to a *reasonable duration* absent an express or implied agreement to the contrary" (*Surlak v Fulfree*, 145 AD2d 79, 81 [1989] [emphasis added]; *see Luvera v Luvera*, 119 AD2d at 811; *Ripp v Ripp*, 38 AD2d 65, 69 [1971], *affd* 32 NY2d 755 [1973]). Here, the plaintiff made a prima facie showing of entitlement to judgment as a matter of law on the complaint and dismissing the first and second counterclaims by submitting a duly executed deed demonstrating his ownership and the right to possession of the subject property as a tenant in common and evidence that the defendant's right to exclusive possession under the judgment of divorce had expired with the passage of a reasonable period of time (*see Arata v Behling*, 57 AD3d at 926; *James v James*, 52 AD3d 474 [2008]; *Surlak v Fulfree*, 145 AD2d at 81).

In opposition, the defendant failed to raise a triable issue of fact rebutting the plaintiff's prima facie showing or as to the merit of the affirmative defense of laches and the first and second counterclaims (*see NYCTL 1998-2 Trustee v 2388 Nostrand Corp.*, 69 AD3d 594, 595 [2010]). Specifically, the defendant failed to raise a triable issue of fact as to whether partition was barred by express or implied agreement or as to

whether her right to exclusive possession, which had no stated duration in the judgment of divorce, had not expired after the passage of approximately 30 years (see Sherman v Sherman, 168 AD2d 550, 551 [1990]; Surlak v Fulfree, 145 AD2d at 81; Luvera v Luvera, 119 AD2d at 812). Under her second affirmative defense of laches, the defendant failed to raise a triable issue of fact as to whether she was injured due to the plaintiff's delay in bringing this action (see Haberman v Haberman, 216 AD2d 525, 527 [1995]). With respect to her first counterclaim, she failed to raise a triable issue as to whether the subject property is her separate property (see Tsigler v Kasymova, 73 AD3d 1159, 1159-1160 [2010]), and with respect to her second counterclaim, she failed to present any evidence to support her allegation that the plaintiff is barred from seeking partition under the doctrine of unclean hands.

Accordingly, the Supreme Court should have granted those branches of the plaintiff's motion which were for summary judgment on the complaint, and dismissing the second affirmative defense and the first and second counterclaims (see RPAPL 915; Lauriello v Gallotta, 70 AD3d 1009, 1009-1010 [2010]). Prudenti, P.J., Angiolillo, Belen and Sgroi, JJ., concur.